IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 1, 2002

## STATE OF TENNESSEE v. ADRIAN LUMPKIN

**Appeal from the Criminal Court for Shelby County**
**No. 99-01712     Carolyn Wade Blackett, Judge**

---

**No. W2002-00648-CCA-R3-CD  - Filed November 27, 2002**

---

The Defendant, Adrian Lumpkin, was indicted for aggravated assault.  He pled guilty and agreed to a sentence of three years with the manner of service to be determined by the trial court.  After a sentencing hearing, the trial court granted the Defendant judicial diversion subject to several conditions.  In this appeal, the Defendant contends that the trial court erred by placing unreasonable conditions on its grant of judicial diversion.  We conclude that the trial court had no legal authority to impose a term of incarceration as a condition of judicial diversion.  However, with respect to the remaining conditions, we dismiss the Defendant's appeal because a defendant to whom judicial diversion was granted has no appeal as of right.

**Tenn. R. App. P. 3; 10; Judgment of the Trial Court Reversed in Part; Appeal Dismissed in Part; Remanded**

DAVID H. WELLES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ALAN E. GLENN, JJ., joined.

Jerry Stokes, Memphis, Tennessee, for the appellant, Adrian Lumpkin.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; William L. Gibbons, District Attorney General; and Stephanie Johnson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On the evening of September 25, 1999, the Defendant, Adrian Lumpkin, was standing outside his house with seven or eight of his friends.  A vehicle driven by Myron Thomas passed in front of the Defendant's house.  Words were exchanged between the Defendant and his group of friends and Myron Thomas and his father, Michael Thomas, who was riding in the front passenger seat of the car.  A few minutes later, Myron Thomas drove back to the Defendant's house and parked across the street.  When Myron Thomas and his father, Michael Thomas, exited their vehicle and

began walking toward the Defendant's house, a brawl ensued. Both Myron and Michael Thomas were injured and required medical attention. The Defendant admitted that, during the melee, he grabbed a wooden chair off his porch and broke it across the back of Michael Thomas.

On February 18, 1999, the Shelby County Grand Jury returned an indictment charging the Defendant with aggravated assault. The Defendant pled guilty to the charge and agreed to a sentence of three years. The manner in which the sentence was to be served was left to the discretion of the trial court. After a sentencing hearing, the trial court granted the Defendant judicial diversion[1] subject to the following conditions: that the Defendant serve three months in confinement, submit to frequent random drug screens, maintain full-time employment, attend anger management classes, perform one-hundred hours of community service, and remain on probation for three years. The Defendant argues that the conditions imposed by the trial court were "too unreasonable, unrealistic, too harsh, and unjust."

We note at the outset that no appeal as of right lies from a grant of judicial diversion because there is no judgment of conviction from which to appeal pursuant to Tennessee Rule of Appellate Procedure 3. See Tenn. Code Ann. § 40-35-313(a)(1)(A), (2); State v. Glenda Kidd, No. 01C01-9808-CR-00344, 1999 Tenn. Crim. App. LEXIS 459, at *4 (Nashville, May 13, 1999). In State v. Norris, 47 S.W.3d 457, 463 (Tenn. Crim. App. 2000), this Court determined that an appeal did not lie for Norris's co-defendant, who had been placed on judicial diversion. The panel found that because the co-defendant was granted, rather than denied, diversion, and because she had received no judgment of conviction, she had no appeal as of right. Id.

Because the Defendant was granted judicial diversion and, consequently, had no judgment of conviction entered against him, he may not appeal as of right. See id. at 461-63; State v. Vasile Cavopol, No. M2001-01034-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 784, at *3 (Nashville, Sept. 16, 2002). However, if a defendant takes issue with the conditions attached to a grant of judicial diversion, the defendant is not without a remedy. A trial court may not impose judicial diversion without the consent of the defendant. See Tenn. Code Ann. § 40-35-313(a)(1)(A). A defendant has the option of declining judicial diversion:

> [A] defendant has the options (1) to eschew judicial diversion if he or she wishes to seek a review of a given issue through the appropriate method of appeal, (2) when seeking judicial diversion after a guilty plea, to reserve a certified question, upon submitting a plea, to be presented on appeal pursuant to Rule 37(b) after judicial diversion is denied and a judgment is entered, or if diversion is granted, to be presented on appeal if and when the diversion probation is revoked and judgment is entered, (3) if judicial diversion is granted after a trial, to raise an issue on appeal in the event of a revocation of the diversion probation, or (4) in the appropriate circumstances, to seek a discretionary, interlocutory appeal under Tennessee Rules of Appellate Procedure 9 or 10.

---

[1] See Tenn. Code Ann. § 40-35-313.

Norris, 47 S.W.3d at 463. While the choice to accept judicial diversion may inhibit a defendant's ability to raise a legal issue, the defendant who accepts judicial diversion may, by his or her own free will, "emerge from the process without a conviction on his or her record." Id.

That being said, an appeal filed improperly under Rule 3 may be treated as an application for extraordinary appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. See Norris, 47 S.W.3d at 463; State v. Leath, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998). Rule 10 provides that an extraordinary appeal may be sought "if the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review." Tenn. R. App. P. 10(a). The Tennessee Supreme Court has held that an extraordinary appeal should only be granted

> a. Where the ruling of the court below represents a fundamental illegality.
>
> b. Where the ruling constitutes a failure to proceed according to the essential requirements of the law.
>
> c. Where the ruling is tantamount to the denial of either party of a day in court.
>
> d. Where the action of the trial judge was without legal authority.
>
> e. Where the action of the trial judge constituted a plain and palpable abuse of discretion.
>
> f. Where either party has lost a right or interest that may never be recaptured.

State v. Willoughby, 594 S.W.2d 388, 392 (Tenn. 1980).

Although the Defendant failed to raise the issue in his brief, the trial court imposed an illegal condition on its grant of judicial diversion by ordering the Defendant to serve three months in jail. This Court has held that imposing a jail term as a condition of judicial diversion is incompatible with the provisions of Tennessee Code Annotated section 40-35-313, the judicial diversion statute. See State v. Paul David Cable, No. 03C01-9409-CR-00349, 1995 Tenn. Crim. App. LEXIS 447, at *12 (Knoxville, June 1, 1995). "Inasmuch as no judgment of guilt is to be entered when judicial diversion is granted, the trial court would not be authorized to sentence the defendant to a period of confinement." State v. James C. Wolford, No. 03C01-9708-CR-00319, 1999 Tenn. Crim. App. LEXIS 139, at *13 (Knoxville, February 18, 1999) (citations omitted). Therefore, "[j]ail time may not be imposed as a condition of probation under the judicial diversion statute." State v. Johnson, 15 S.W.3d 515, 518-19 (Tenn. Crim. App. 1999). Because the trial court imposed an illegal condition on its grant of judicial diversion, the Defendant meets the requirements for the partial granting of a Rule 10 extraordinary appeal.

Having found that the trial court had no legal authority to order incarceration as a condition of its grant of judicial diversion, we reverse the trial court with respect to the imposition of that condition. However, with respect to the remainder of the Defendant's appeal, the appeal is

dismissed because there is no appeal as of right from a grant of judicial diversion. This case is remanded to the trial court for such further proceedings as may be warranted.

_____
DAVID H. WELLES, JUDGE