IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 30, 2009

## ANNE S. WILSON v. SCOTT BOWMAN

**Appeal from the Chancery Court for Davidson County**
**No. 06-1125-II    Carol L. McCoy, Chancellor**

---

**No. M2009-01382-COA-R10-CV - Filed August 13, 2009**

---

This application for a Tenn. R. App. P. 10 extraordinary appeal concerns how an appealing party may use a trial court's recording of a hearing.  We grant the appellant's Rule 10 application.[1] Furthermore, we reverse the chancellor's June 5, 2009 order and remand the matter for the chancellor to rule on appellee's objections and resolve the parties' differences as to the content of the transcript or statement of the evidence.

**Tenn. R. App. P. 10 Extraordinary Appeal; Judgment of the Chancery Court Reversed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., joined.  FRANK G. CLEMENT, JR., J.,  filed a concurring opinion.

Thomas F. Bloom, Nashville, Tennessee, for the appellant, Scott Bowman.

Claire M. Sawyer and Lew Conner, Nashville, Tennessee, for the appellee, Anne S. Wilson.

**MEMORANDUM OPINION[2]**

---

[1] The Tenn. R. App. P. 10 application and answer fully set forth parties' positions and the material facts. Therefore, pursuant to Tenn. R. App P. 2, we suspend the application of Tenn. R. App. P. 24, 25 and 29 and find oral argument to be unnecessary Pursuant to Tenn. R. App. P. 35(c).  *See Hammock v. Sumner Co.*, No. 01A01-9710-CV-00600, 1997 WL 749461 (Tenn. Ct. App. Dec. 5, 1997) (No. Tenn. R. App. P. 11 application filed.)

[2] Tenn. Ct. App. R. 10 provides:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse, or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The appellant, Scott Bowman, has filed an application for a Tenn. R. App. P. 10 extraordinary appeal from a ruling of the Davidson County Chancery Court regarding the transcript of the underlying case being prepared for a Tenn. R. App. P. 3 appeal as of right. This court has already addressed the transcript of this case three times, twice granting extensions for the filing of the transcript and once addressing a motion to dismiss for the filing of an incomplete transcript. In the last order, filed April 2, 2009, this court stated:

> The appellant, just prior to the March 4, 2009 deadline, filed a transcript prepared from the CD recordings made by the trial court. However, the transcript was incomplete because the recording provided to the court reporter by the trial court consisted of only two disks when it should have consisted of three disks. The court reporter has now obtained the missing disk and stands ready to complete the transcript.
>
> . . . We decline to dismiss the appeal based on the mistake concerning the CD recordings of the proceedings. In order to allow the case to be decided on its merits, the appellant should be allowed an opportunity to correct the transcript.
>
> It is therefore ordered that the motion to dismiss be denied. The appellant shall have fifteen (15) days from the date this order is entered within which to file with the trial court clerk a supplemental or amended transcript that will convey a fair, accurate and complete account of what transpired in the trial court with respect to the issues that are the basis of the appeal. Any questions concerning whether the transcript conveys such a fair, accurate and complete account shall be addressed to the trial court. If a transcript of any necessary portion of the proceedings is unavailable, the trial court may approve a statement of the evidence regarding that portion.

On April 14, 2009, the appellant filed a Corrected Transcript and a Statement of the Evidence for Minor Omissions in Transcript and a Notice of Issues to Which They Pertain. Appellee filed a Motion to Strike the proposed corrected transcript and statement of the evidence.

The trial court granted the motion to strike and relied on Tennessee Supreme Court Rule 26, Davidson County Local Rule 8, and an order of the Chancery Courts for the Twentieth Judicial District, dated April 10, 2007, prohibiting the clerk and master from filing and certifying the recordings as part of the record on appeal. The chancellor further found, "that the JAVS recordings of the trial court proceedings do not constitute a transcript or statement of the evidence or proceeding, nor shall they be used on appeal as a transcript or statement of the evidence or proceeding."

The appellant filed an application for a Tenn. R. App. P. 10 appeal, which the appellee has vigorously opposed. A Rule 10 appeal is discretionary with the appellate court and may be granted "(1) if the lower court has so far departed from the accepted and usual course of judicial proceedings

as to require immediate review, or (2) if necessary for complete determination of the action on appeal as otherwise provided in these rules." Tenn. R. App. P. 10(a). The Advisory Commission Comments to Rule 10 states that "[t]he circumstances in which review is available under this rule, however, are very narrowly circumscribed to those situations in which the trial court or the intermediate appellate court has acted in an arbitrary fashion, or as may be necessary to permit complete appellate review on a later appeal." Rule 10 appeals lie where the ruling of the trial court represents a fundamental illegality, where the ruling constitutes a failure to proceed according to essential requirements of the law, where the action of trial judge was without legal authority, where the action of the trial judge constituted a plain and palpable abuse of discretion, or where either party has lost a right or interest that may never be recaptured. *State v. Willoughby*, 594 S.W.2d 388, 392 (Tenn. 1980).

Tennessee Supreme Court Rule 26 applies to courts of record "authorized by the Supreme Court of Tennessee to use videotape or CD-ROM equipment to record court proceedings." The rule allows a CD-ROM recording to be a "transcript" within the meaning of Tenn. R. App. P. 24 if the recording is recorded and maintained in accordance with the procedures outlined in the rule.[3] Neither party argues that the recording of the chancery court hearing complied with the procedures of Rule 26. So the recordings themselves cannot be the transcripts required by Tenn. R. App. P. 24.[4]

Tenn. R. App. P. 24(b) states that if a "contemporaneously recorded, substantially verbatim recital of the evidence or proceedings is available, the appellant *shall have prepared* a transcript . . . ." (emphasis added). Tenn. Sup. Ct. R. 26 does not say that recordings that do not meet the Rule 26 requirements cannot be used to prepare a transcript or a statement of the evidence. Even though the chancery court is not required to make the recordings, it did. The recordings became public records,[5] and the appellant had a right of access to them and to use them to the extent he could to create a transcript or statement of the evidence.[6]

Similarly, Davidson County Local Rule 8 does not provide justification for the chancellor's order. Rule 8(a) states:

---

[3] Tenn. Sup. Ct. Rule 26 is an exception to the general rule that "the circuit and chancery courts do not, as a general matter, make a record of all the proceedings while court is in session." *Trusty v. Robinson*, No. M2000-01590-COA-R3-CV, 2001 WL 96043, *2 (Tenn. Ct. App. Feb. 6, 2001).

[4] We note that neither party has suggested that this court's April 2, 2009 order implicitly approves of a transcript prepared from the trial court's recording.

[5] The term "public record" includes sound recordings made in connection with the transaction of official business by any governmental agency. Tenn. Code Ann. § 10-7-503(a)(1).

[6] Under Tenn. R. App. 24(c), the appellant is to prepare a statement of the evidence if no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available.

The Sixth Circuit Court has been authorized by the Supreme Court to use audio-visual recordings as the official record of court proceedings pursuant to Supreme Court Rule 26. Unless ordered by the affected court, no other court will record or utilize such audio-visual recordings as the official record on appeal, nor shall any court be required to maintain an exhibit list and trial log with respect to an audio-visual recording. The Clerks of Court and Clerk & Master shall not file or certify such recordings, except from the Sixth Circuit Court, as part of the record on appeal unless directed to do so by the court from which the appeal is taken.

No one argues that these recordings are the official records of the court, and no one is trying to have the recordings certified or filed. Just like Supreme Court Rule 26, Local Rule 8 does not say that the recordings cannot be used to prepare a transcript or a statement of the evidence.

Finally, we must examine the April 10, 2007 order of the Chancery Courts for the Twentieth Judicial District, prohibiting the clerk and master from filing and certifying the recordings as part of the record on appeal. This order, like Supreme Court Rule 26 and Local Rule 8, does not prohibit the use of the recordings to prepare a transcript or statement of the evidence. It merely says the recordings themselves cannot constitute or be used as transcripts and that the clerk and master cannot file or certify the recordings as part of the record on appeal.

The appellant's Application for Extraordinary Appeal is granted because it is "necessary to permit complete appellate review on a later appeal." Tenn. R. App. P. 10, Advisory Comm'n Comments. We reverse the chancellor's June 5, 2009 order and remand the matter for the chancellor to rule on appellee's objections and resolve the parties' differences as to the content of the transcript or statement of the evidence. Tenn. R. App. P. 24 (b), (c), & (e). [7]

Costs of this appeal are taxed to the appellee, for which execution may issue.

_____
ANDY D. BENNETT, JUDGE

---

[7] Tenn. R. App. P. 24(e) contemplates that, in resolving such disputes, the trial court will eventually approve a transcript or statement of the evidence that conveys a fair, accurate and complete account of what occurred in the trial court. The trial court should not decline to approve any statement of the evidence and thereby leave the appellant with an inadequate record to pursue the appeal. If neither party submits an accurate transcript or statement of the evidence, the trial court may prepare its own statement of the evidence.