Bobby D. FRANKS and James Thompson aka Dwight Matthews, Petitioners,

v.

STATE of Tennessee, Respondent.

Court of Criminal Appeals of Tennessee.

Dec. 7, 1977.

Harold D. Archibald, Asst. Public Defender, Shelby County, Memphis, for petitioners.

Brooks McLemore, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Nashville, for respondent.

O'BRIEN, Judge.

## OPINION

This matter came on to be heard before a full panel of the Court sitting at Jackson on November 14th, 1977, by petitions for certiorari and supersedeas to Division II of the Criminal Courts of Shelby County, Tennessee.

The petition alleges that the Criminal Court Judge acted illegally in granting a petition for certiorari and supersedeas to the Municipal Court of Memphis, Tennessee, and in ruling that the judge of that court acted illegally and exceeded his authority in requiring a court reporter, paid at State expense, to attend a preliminary hearing.

The petition shows that petitioners came before the Judge of Division VI of the Memphis Municipal Court for a preliminary hearing on a number of criminal charges. Through the office of the Public Defender

motions were filed requesting that the testimony of witnesses appearing at the preliminary hearing be reduced to writing through the services of a court reporter to be paid at State expense. The Municipal Court Judge issued an order directing the State to have a court reporter present to record the testimony of the witnesses. The State, through the office of the District Attorney General for the Fifteenth Judicial Circuit of Tennessee filed the petition for writ of certiorari and supersedeas in the Criminal Court. The matter was heard on a motion to dismiss the petition in Criminal Court and resulted in the order set out above. The petition in this Court included requests that the District Attorney General for the Fifteenth Judicial Circuit be enjoined from submitting the charges against petitioners to the Grand Jury of Shelby County for indictment, and for an order directing the Municipal Court of Memphis to conduct an immediate preliminary hearing with a court reporter present to be paid at State expense as directed by the judge of that court.

Petitioners assert that the provisions of T.C.A. Sec. 40–1115 are mandatory. That the statute specifically allows the magistrate discretion in the method of compliance with its provisions and that it is within his inherent power to direct the State to provide a court reporter at State expense. It is further asserted that the Criminal Court Judge acted beyond his jurisdiction in issuing the writs of certiorari and supersedeas. They say such authority is not conferred on courts of limited jurisdiction but only on courts of general jurisdiction as provided in T.C.A. Sec. 27–804. It is argued that the Criminal Courts of Shelby County were organized by the Public Acts of 1869, Chapter 28, which did not confer the authority to grant extraordinary relief.

■ The petition must be denied. We do not rule on the legality of the acts of the Municipal Court Judge. These are matters for disposition on direct appeal, as are the acts of the Circuit Judge in the issuance of the writs to the Municipal Court. The proper procedural course to obtain a ruling on the legality of the actions of the Municipal Court Judge was by way of certiorari. There was no other route of appeal available from the order of that court. T.C.A. Sec. 16–512 vests appellate jurisdiction in the Circuit Court of all suits and actions, of whatsoever nature, unless otherwise provided, (underlining added) instituted before an inferior jurisdiction, whether brought by appeal, certiorari, or in other manner prescribed by law. T.C.A. Sec. 40–408 vesting jurisdiction of small offenses in magistrates, and T.C.A. Sec. 40–426, providing for appeals from General Sessions Court, each mandate that appellate review is to the Criminal Court having criminal jurisdiction in the county. Reason and logic dictate that jurisdiction of an appeal of the nature involved here would also vest in the criminal courts of the county. A study of the Public Acts of 1869–70, Chapter 28, does not sustain petitioners assertion that the authority to grant extraordinary relief was not conferred by the Act. We hold otherwise.

■ The proper mode of procedure in this case would have been by motion to dismiss the indictments, (T.C.A. Sec. 40–2301), for failure to afford a proper preliminary hearing, (T.C.A. Sec. 40–1131), and in event of conviction, to assign as error on direct appeal any adverse action of the trial court on the motion to dismiss. The ingenuity of trial counsel to formulate and postulate technicalities makes it a practical impossibility to entertain by certiorari any and every adverse interlocutory ruling by an inferior court.

The petitions for certiorari and supersedeas are dismissed. The matter is remanded to the trial court for such other and further proceedings as may be warranted in accordance with this opinion, including a hearing on a motion to dismiss for failure to afford a proper preliminary hearing if an application is duly made.

TATUM and BYERS, JJ., concur.