**STATE of Tennessee, Appellee,**

v.

**Janice WILLOUGHBY, Appellant.**

Supreme Court of Tennessee.

Feb. 19, 1980.

Martha Meares, Albert J. Tumpson, Meares & Meares, Maryville, for appellant.

William M. Leech, Jr., Atty. Gen., John C. Zimmermann, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

HENRY, Justice.

This Application for an Extraordinary Appeal arises under Rule 10, Tenn.R. App.P., and raises the question of the applicability of Rule 16, Tennessee Rules of Criminal Procedure, to preliminary hearings. We hold that the rule is not applicable and deny the appeal.

### I.

*Procedural Background*

Appellant is under indictment in the Criminal Court at Maryville for the murder of her husband. Prior to her preliminary hearing she filed a motion in the General Sessions Court, pursuant to Rule 16, Tenn. R.Crim.P., requesting discovery and inspection of oral and written confessions and admissions against interest, a list of witnesses, books, papers and documents belonging to her, along with certain specified exculpatory evidence.

Upon the hearing of this motion in the General Sessions Court, the presiding judge recognized the right of the defendant, independent of Rule 16, (1) to a copy of any statement used in the hearing and (2) to testify and call witnesses on the issue of probable cause. He ruled that Rule 16 had no application to a preliminary hearing in the General Sessions Court.

Appellant next filed a petition for writ of certiorari in the Circuit Court. The circuit judge sustained the General Sessions Court in all respects except as to appellant's entitlement to "exculpatory evidence as defined in *Brady v. Maryland,* 343 [373] U.S. 83 [83 S.Ct. 1194, 10 L.Ed.2d 215] (1963)."

Appellant then filed a petition for the common law writ of certiorari in the Court of Criminal Appeals, along with an alternative prayer that it be treated as an Extraordinary Appeal by Permission, under Rule 10, Tenn.R.App.P. The sole complaint made in the petition was directed to the holding of the lower court declining to extend Rule 16 to the preliminary hearings.

## II.

*Action of the Court of Criminal Appeals*

A. *The nature of the preliminary hearing*

The Court of Criminal Appeals initially addressed this precise issue but incorporated in its opinion other rulings and comments with respect to the discovery aspects of the preliminary hearing. We dispose of these first.

First, we narrow the issue by noting that extending Rule 16 to the General Sessions Court would have no effect on the preliminary hearing itself; it would permit pre-preliminary hearing discovery.

To our knowledge no court has ever held that a preliminary hearing is a discovery device. *McKeldin v. State,* 516 S.W.2d 82 (Tenn.1974), does not so hold. Without elaboration it merely recognized that there are inevitable discovery aspects to every preliminary hearing. In the sense that it is not a final hearing, every question asked on cross-examination by either side, and every witness called and examined by either side, results in a discovery. Thus, as the Comment of Rule 5.1 recites, discovery is "an important byproduct of its probable cause function."

A preliminary hearing, while not constitutionally required, is a critical stage in a criminal prosecution. *McKeldin, supra.* The historical background, the nature and purpose of preliminary hearings were discussed in *Waugh v. State,* 564 S.W.2d 654 (Tenn.1978). There Justice Brock pointed out that a preliminary hearing was of an "adversarial nature," a "safeguard for the defendant, protecting him from unfounded charges," thereby serving a "screening function." 564 S.W.2d at 658. We reaffirmed that "[t]he primary responsibility of the magistrate at a preliminary hearing is to determine whether the accused should be bound over to the grand jury," or phrasing it another way, "whether there is evidence sufficient to justify the continued detention of the defendant . . .."[1] 564 S.W.2d at 659.

If the preliminary hearing is to serve its historic purpose as a probable cause hearing, the State must be permitted to call any witness whose testimony is designed to show probable cause. By the same token, the defendant must be permitted to call any witness whose testimony is designed to refute probable cause or screen out questionable prosecutions. The test, in either event, must be good faith. The State has the duty to call only such witnesses as it feels are required to establish probable cause. It is not required to call all witnesses having knowledge of the facts; by failing to call other witnesses it assumes the hazards of the defendant not being bound over.

The defendant, at his option, may testify or not and has the right to call such witnesses, irrespective of their connections or normal alliances, as his counsel, acting in good faith, believes to be calculated to negate probable cause.

 The presiding judge has full control over the hearing and may decline to hear further proof from the State when, in his view, probable cause has been established. He may decline to hear from the defendant such proof as, in his best judgment, is solely designed for discovery purposes, but may not abridge the right of the defendant to have a full, bona fide opportunity to refute probable cause.[2]

B. *The Applicability of Rule 16*

██ Rule 16, Tenn.R.Crim.P., does not apply in General Sessions Court. It is true that Rule 1(c) defines the scope of the rules in such manner as to include "preliminary examinations pursuant to Rule 5.1." Rule 5.1 governs preliminary hearings. Its inclusion within the scope of the criminal rules was necessitated by this fact, and this fact alone. Its inclusion does not operate to make any other rule applicable to such hearings.

Broadly speaking, these rules are intended to "govern the procedure in all criminal

---

1. The dissent in *Waugh* was not directed to any of these conclusions.

2. This appears to have been the view of the General Sessions Judge in this case.

proceedings conducted in all *courts of record* in Tennessee." (Emphasis supplied) Rule 1, Tenn.R.Crim.P. The General Sessions Court is not a court of record. Rule 1 shows on its face that the Rules are applicable to General Sessions Court only to the extent enumerated and that the enumerated instances of applicability embrace only those proceedings peculiar to the practice in the General Sessions Court. Rule 16 is not such an area of practice.

It is the State's position that we should not accept review "since the appellant has a plain and adequate remedy by direct appeal, in the event she is convicted." We reject this view. In *Nolan v. State,* 568 S.W.2d 837 (Tenn.Cr.App.1978), the Court of Criminal Appeals held that where a defendant was arrested on an arrest warrant and was entitled to a preliminary hearing, but indicted before it was conducted, the failure to afford him a preliminary hearing was harmless error because "probable cause was found by the grand jury." 568 S.W.2d at 839. This has been the general tenor of our law. The State's insistence is at variance with pertinent holdings and inconsistent with its constant position that the grand jury's finding of probable cause renders harmless any proceeding at the preliminary hearing.

It was precisely this condition of the law that led us to observe in *McKeldin* that "the Tennessee preliminary hearing is a 'pretrial type of arraignment where certain rights may be sacrificed or lost.'" 516 S.W.2d at 85.

In support of its position that appellant's grievances may be corrected on appeal, the State cites four cases, three of which are unpublished. We briefly discuss these, in chronological order.

In *Franks v. State,* 565 S.W.2d 36 (Tenn. Cr.App.1977) (certiorari not applied for), the Court held that the proper procedure by which to attack a failure to hold a preliminary hearing was by motion to dismiss the indictment and upon its being overruled, an appropriate assignment on appeal. This case was decided before *Nolan, supra,* and completely ignores the usual rule that prob-

able cause, by that time, has been found by the grand jury.

The next case is *Lyons v. State* (1977), an unpublished opinion of the Court of Criminal Appeals, which was decided before *Waugh, supra,* and is inconsistent therewith.

Next is *Ewing v. State* (March 15, 1979), another unpublished opinion. It involved a defendant who was indicted two months after a state's warrant had been dismissed. The Court declined to discuss the merits, holding this to be a matter that should be addressed on direct appeal.

Lastly, the State relies upon the unpublished opinion of the Court of Criminal Appeals in *Young v. State* (Sept. 21, 1977), another opinion which predates *Waugh, supra,* and is inconsistent therewith.

Among the cases cited by the State, on brief, is *State v. Johnson,* 569 S.W.2d 808 (Tenn.1978). This case contains an elaborate discussion of the history and development of the use of the common law writ of certiorari. This case has a very significant bearing on the State's position in the case at bar. The State charges the appellant "relies heavily upon the dictum in *Hale v. State,* 548 S.W.2d 878 (Tenn.1977)," and says that that dictum "was *rejected* by the Court of Criminal Appeals in *Lyons v. State,*" *supra.*

Whether "rejected" or not by the Court of Criminal Appeals, the State had an obligation to point out that in *Johnson, supra,* we legitimated the *Hale* dictum. We said:

Finally, by dictum, in *Hale v. State,* 548 S.W.2d 878 (Tenn.1977), we held:

"Counsel could have protected his client's right to a proper preliminary hearing by filing a petition for common law certiorari and supersedeas with one of the judges on the Court of Criminal Appeals, and, if necessary, with a member of this Court." [3]

This dictum was prompted by the fact that a preliminary hearing is "a critical stage in the prosecution of a criminal action and . . . is mandated by statute," and because it is a "pretrial type

---

**3.** We should have included the trial court, because this is the first step.

of arraignment where *certain rights may be sacrificed or lost.*" 569 S.W.2d at 815

We concluded *Johnson* by holding that the common law writ would lie:

a. Where the ruling of the court below represents a fundamental illegality.

b. Where the ruling constitutes a failure to proceed according to the essential requirements of the law.

c. Where the ruling is tantamount to the denial of either party of a day in court.

d. Where the action of the trial judge was without legal authority.

e. Where the action of the trial judge constituted a plain and palpable abuse of discretion.

f. Where either party has lost a right or interest that may never be recaptured. (all citations omitted) 569 S.W.2d at 815.

The ruling in *Johnson* came at the behest of the State which now adopts a contrary position.

We think the *Johnson* rules apply not only to the common law writ of certiorari but with equal vigor to applications made pursuant to Rule 10, Tenn.R.App.P. Whenever any of these conditions exist an Application for an Extraordinary Appeal by permission is appropriate. We point out, however, that nothing in *Johnson*, or this case, shall be construed to permit interlocutory relief as to any matter arising during the course of a trial. It is not the purpose of this holding to prompt or permit applications which would be disruptive of trial proceedings.

We hold that an Application for an Extraordinary Appeal was appropriate in this case because petitioner asserts an arguable contention that Rule 16 applied and this question has not heretofore been decided. However, the conditions above do not exist in this case; hence, the application, while procedurally proper, must be denied on its merits.

Some of these items, particularly the confessions and admissions against interest,

most likely, will come to light at the preliminary hearing. Under Rule 16, Tenn.R.Crim.P., the defendant is entitled to demand each and every item requested as soon as the indictment is found.

It, therefore, results that defendant has not lost a right or interest that may not be recaptured. Indeed, she has lost no right or interest, coming as a result of having no discovery in the General Sessions Court.

### III.

### Conclusion

We believe that our existing rule relating to discovery in the criminal court is mutually fair to the State and the defendant. Superimposing upon this rule the requirement that it have application at a preliminary hearing gives the defendant nothing that she will not receive in due time and only serves to delay the administration of criminal justice. Moreover, it creates an undue burden on a court, not of record, which is not equipped to handle the tedious and technical process of discovery.

Appeal denied.

BROCK, C. J., and FONES, COOPER and HARBISON, JJ., concur.