# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### FEBRUARY 1999 SESSION



FILED

May 13, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 01C01-9808-CR-00344 |
| | ) | |
| vs. | ) | Wilson County |
| | ) | |
| **GLENNA KIDD,** | ) | Hon. J. O. Bond, Judge |
| | ) | |
| Appellant. | ) | (Best Interest Guilty Plea) |

FOR THE APPELLANT:

**GLENNA KIDD (pro se)**
P.O. Box 499
Shelbyville, TN 37162

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**GEORGIA BLYTHE FELNER**
Assistant Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN 37243-0493

**TOM P. THOMPSON, JR.**
District Attorney General
203 Greentop St., P.O. Box 178
Hartsville, TN 37074-0178

**ROBERT N. HIBBETT**
Assistant District Attorney
119 College St.
Lebanon, TN 37087

OPINION FILED:_____

APPEAL DISMISSED

**JAMES CURWOOD WITT, JR., JUDGE**

## OPINION

The defendant, Glenna Kidd, appeals from the Wilson County Criminal Court's entry of her guilty plea. On March 31, 1998, the defendant entered a best interest guilty plea to one count of passing a worthless check. The judge granted judicial diversion of one year pursuant to Tennessee Code Annotated section 40-35-313.[1] On April 16, 1998, the defendant filed a *pro se* notice of appeal. In the defendant's brief, she asks this court to dismiss the charge against her. The defendant contends that she was coerced and threatened into signing a best interest guilty plea. Following a review of the record, the briefs of the parties, and the applicable law, we dismiss the appeal for lack of jurisdiction.

A defendant may appeal as of right from any "judgment of conviction"[2] on a guilty plea if the plea agreement contained an explicit reservation of the right to appeal a certified question of law, or "if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence," or if the issues were not waived by the guilty plea and these issues are apparent from the record. Tenn. R. App. P. 3(b); see also Tenn. R. Crim. P. 37(b)(2). The defendant entered a best interest guilty plea and was judicially diverted pursuant to Tennessee Code Annotated section 40-35-313. According to this section, the court, with the consent of the defendant, defers further proceedings and places the defendant on

---

[1] This rule states as follows:

> If any person who has not previously been convicted of a felony or a Class A misdemeanor is found guilty or pleads guilty to a misdemeanor which is punishable by imprisonment or a Class C, D or E felony, the court may, without entering a judgment of guilty and with the consent of such person, defer further proceedings and place the person on probation upon such reasonable conditions as it may require . . . .

Tenn. Code Ann. § 40-35-313(a)(1)(A) (1997).

[2] "A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence." Tenn. R. Crim. P. 32(e).

probation without entering a judgment of guilty. Tenn. Code Ann. § 40-35-313(a)(1)(A) (1997). A final disposition of the case does not occur until either the defendant violates a condition of the probation or the probation period ends. See id. at (a)(2). Specifically, this section states:

> Upon violation of a condition of the probation, the court may enter an adjudication of guilt and proceed as otherwise provided. If, during the period of probation, such person does not violate any of the conditions of probation, then upon expiration of such period, the court shall discharge such person and dismiss the proceedings against the person. Discharge and dismissal under this subsection is without court adjudication of guilt . . . .

Id. Therefore, under judicial diversion there is no "judgment of conviction" to appeal pursuant to Tennessee Rule of Appellate Procedure 3,[3] unless the defendant violates a condition of the probation and the court enters an adjudication of guilt.

This court may treat an improperly filed Rule 3 appeal as a Rule 10 extraordinary appeal. See State v. Leath, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998); State v. James Doe, No. 01C01-9102-CR-00046, slip op. at 5-6 (Tenn. Crim. App., Nashville, June 29, 1992). Tennessee Rule of Appellate Procedure 10(a) provides that an extraordinary appeal may be sought "if the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review . . . ." In State v. Willoughby, 594 S.W.2d 388, 392 (Tenn. 1980), our supreme court held that an extraordinary appeal should only be granted when it is established that: (a) the ruling of the court below represents a fundamental

---

[3]The author of this opinion has reached the same conclusion, albeit the minority position, as he reached in State v. Stephen J. Udzinski and Donna Stokes, No. 01C01-9810-CC-00431, slip op. at 12 (Tenn. Crim. App., Nashville, Feb. 5, 1998). In Udzinski, a defendant who had been granted judicial diversion attempted to appeal the validity of a search warrant through a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2). The author of this opinion concluded, despite the disagreement of the other two members of that panel, that a defendant who chooses to accept judicial diversion has no appeal as of right because there has been no judgment of conviction. Udzinski, slip op. at 11-12.

illegality, (b) the ruling constitutes a failure to proceed according to the essential requirements of the law, (c) the ruling is tantamount to the denial of either party of a day in court, (d) the action of the trial judge was without legal authority, (e) the action of the trial judge constituted a plain and palpable abuse of discretion, or (f) either party has lost a right or interest that may never be recaptured.

Under these criteria, treating the defendant's improper Rule 3 appeal as a Rule 10 extraordinary appeal is not appropriate under the circumstances of the case at bar. The trial judge possessed the authority and discretion to accept the defendant's guilty plea and grant judicial diversion. Furthermore, the defendant could challenge her guilty plea in a post-conviction proceeding if an adjudication of guilt ever occurs. See Tenn. Code Ann. § 40-30-203 (1997). Additionally, a direct appeal is not the usual mechanism for challenging the validity of a guilty plea. See State v. Antonio Demonte Lyons, No. 01C01-9508-CR-00263 (Tenn. Crim. App., Nashville, Aug. 15, 1997) (guilty pleas are generally challenged by motions in the trial court pursuant to Tennessee Rule of Criminal Procedure 32(f), or if Rule 32(f) is not available, then by post-conviction petition). The present case illustrates the problem in raising the guilty plea issue on direct appeal. The sparse record reflects only a brief plea submission hearing which the trial court held pursuant to Tennessee Rule of Criminal Procedure 11. The defendant, who was serving as her own counsel, indicated that she was submitting the best-interest plea voluntarily. This record is devoid of any basis for this court to find that the plea was invalid. Cf. State v. Brandon Wilson, No. 03C01-9609-CC-00352, slip op. at 10 (Tenn. Crim. App., Knoxville, Sept. 1, 1998) (direct appeal challenge to validity of guilty plea, based upon mental incompetency, entertained by appellate court when the record reflected a full evidentiary hearing in the trial court on the issue of competency), perm. app. granted (Tenn. 1999). For all the above reasons, the Rule 3 appeal will not be treated as an appeal under Rule 10.

4

The state contends that the defendant has waived her right to appeal the entry of her best interest guilty plea because she did not file a motion to withdraw her guilty plea in the trial court pursuant to Tennessee Rule of Criminal Procedure 32(f).[4]  If the defendant was attempting to withdraw her guilty plea pursuant to Rule 32(f), then she should have filed a motion to withdraw her guilty plea in the trial court.  However, in all likelihood, this issue is moot because the defendant's one year diversion period ended on March 31, 1999.  At the end of the diversion period, depending on the defendant's compliance with the conditions of probation, the defendant will be discharged and the proceedings dismissed or an adjudication of guilt will be entered.  See Tenn. Code Ann. § 40-35-313(a)(2) (1997).  If a judgment of conviction is entered, the defendant could file a motion to withdraw her guilty plea pursuant to Rule 32(f) before the judgment became final.  See generally State v. Antonio Demonte Lyons, No. 01C01-9508-CR-00263 (Tenn. Crim. App., Nashville, Aug. 15, 1997).

We find that this court lacks the jurisdiction to review the defendant's appeal.  Accordingly, the appeal is dismissed.

_____
JAMES CURWOOD WITT, JR., JUDGE

CONCUR:

_____

[4] This rule states as follows:

> (f) Withdrawal of Plea of Guilty. -- A motion to
> withdraw a plea of guilty may be made upon a
> showing by the defendant of any fair and just reason
> only before sentence is imposed; but to correct
> manifest injustice, the court after sentence, but before
> the judgment becomes final, may set aside the
> judgment of conviction and permit the defendant to
> withdraw the plea.

Tenn. R. Crim. P. 32(f).

_____
DAVID G. HAYES, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE