IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 17, 2002

## STATE OF TENNESSEE v. VASILE CAVOPOL

**Appeal from the Criminal Court for Davidson County**
**Nos. 3081 and 3082      Cheryl Blackburn, Judge**

_____

### No. M2001-01034-CCA-R3-CD - Filed September 16, 2002

Apparently serving probationary terms on judicial diversion, Vasile Cavopol attempts to appeal from the Davidson County Criminal Court. He claims (1) that the lower court should have dismissed the vandalism and resisting arrest cases against him when the state's witnesses did not appear for trial on two occasions and (2) that the evidence insufficiently supports the determinations of guilt. Because the defendant who was granted judicial diversion has no rightful appeal, we dismiss this appeal.

### Tenn. R. App. P. 3; Appeal Dismissed.

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

John Weithe (at trial and sentencing) and C. LeAnn Smith (on appeal), Nashville, Tennessee, for the Appellant, Vasile Cavopol.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Roger Moore, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The record before us is incomplete and somewhat anomalous. We have not been provided with a transcript of the trial or sentencing proceedings in this case. However, through trial court minutes and other documents in the appellate record, we have been able to determine that the defendant was found guilty at a bench trial of misdemeanor vandalism and resisting arrest. Judgments were entered, and the judgment forms note that the defendant was placed on probation

pursuant to Code section 40-35-313, the judicial diversion statute.[1] After a motion for new trial was heard and overruled, the defendant filed a notice of appeal.

This appeal must be dismissed. The defendant has been granted judicial diversion, from which no rightful appeal lies. *State v. Norris*, 47 S.W.3d 457, 461-463 (Tenn. Crim. App. 2000) (no rightful appeal for judicially diverted defendant who was granted, rather than denied, probation, and who is not appealing diversion decision). The defendant's challenges to the lower court's failure to dismiss the cases when witnesses did not appear on time and to the sufficiency of the convicting evidence are therefore not properly before us in this purported appeal as of right pursuant to Tennessee Rule of Appellate Procedure 3(b). Thus, the case is proper for dismissal.

In so holding, we have not overlooked the possibility that we might consider the defendant's appeal pursuant to Tennessee Rule of Appellate Procedure 10. *See Norris*, 47 S.W.3d at 463. Rule 10 provides that an extraordinary appeal may be sought "if the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review or . . . if necessary for complete determination of the action on appeal . . . ." Tenn. R. App. P. 10(a). Our supreme court has said that an extraordinary appeal should only be granted

a.      Where the ruling of the court below represents a fundamental illegality.
b.      Where the ruling constitutes a failure to proceed according to the essential requirements of the law.
c.      Where the ruling is tantamount to the denial of either party of a day in court.
d.      Where the action of the trial judge was without legal authority.
e.      Where the action of the trial judge constituted a plain and palpable abuse of discretion.
f.      Where either party has lost a right or interest that may never be recaptured.

*State v. Willoughby*, 594 S.W.2d 388, 392 (Tenn. 1980) (quoting *State v. Johnson*, 569 S.W.2d 808 (Tenn. 1978)). Under these criteria, treating the defendant's improper attempt at a Rule 3 appeal as a Rule 10 extraordinary appeal is inappropriate.

---

[1]We recognize that the procedure employed below was improper in that the court entered a judgment. The judicial diversion statute provides that upon a plea or finding of guilt, "the court may defer further proceedings against a qualified defendant and place such defendant on probation upon such reasonable conditions as it may require *without entering a judgment of guilty* and with the consent of the qualified defendant." Tenn. Code Ann. § 40-35-313(a)(1)(A) (Supp. 2001) (emphasis added). The court in this case completed judgment forms, which were thereafter entered. However, we believe it is clear from the language of those judgments and accompanying court minutes that the court's intent was to place the defendant on judicial diversion. Both parties acknowledge in their briefs that the defendant's probationary terms are to be served pursuant to the judicial diversion statute.

The record before us, incomplete though it is in the absence of the transcript of the trial and the court's ruling on the dismissal question,[2] reveals no basis for granting an extraordinary appeal. We can discern no obvious, palpable irregularity in the proceedings below such as might qualify this case for extraordinary review under the auspices of *Willoughby*.

Accordingly, we dismiss the defendant's appeal.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[2]We are compelled to comment that were the issues presented in this appeal properly before us, we would nevertheless be unable to consider them on the merits because of the inadequate appellate record presented. As the appellant, the defendant has the duty to provide this court with a record that conveys a "fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b), (c). Without transcripts of the relevant proceedings, including the trial itself, this court cannot discharge its adjudicatory duties with respect to issues stemming from those proceedings. Thus, were this appeal not subject to dismissal, we would be precluded from considering the issues presented based upon the incomplete appellate record presented. *See, e.g., State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993).