IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 21, 2010

## STATE OF TENNESSEE v. KEVIN LEE WILLIAMS

**Appeal from the Circuit Court for Montgomery County
No. 40900112   Michael R. Jones, Judge**

---

**No. M2009-01174-CCA-R3-CD - Filed December 22, 2010**

---

Appellant, Kevin Lee Williams, pleaded guilty in the Montgomery County General Sessions Court to two counts of domestic assault. The general sessions court sentenced Appellant to two concurrent sentences of eleven months and twenty-nine days. Appellant subsequently appealed his plea to the Montgomery County Circuit Court arguing that his plea was entered involuntarily. The circuit court held a hearing, but the hearing was limited to the issue of sentencing. Appellant appeals from the circuit court's refusal to consider whether his plea was entered voluntarily based upon provisions set out in Rule 37 of the Tennessee Rules of Criminal Procedure. Because we have determined that Rule 37 does not apply to proceedings in general sessions courts, we affirm the circuit court's determination with regard to limiting the hearing to an appeal of the imposed sentence. Therefore, we affirm the decision of the circuit court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Daniel A. Stephenson, Clarksville, Tennessee, for the appellant, Kevin Lee Williams.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; John Carney, District Attorney General, and Robert Nash, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

Appellant pled guilty to two counts of domestic assault in the Montgomery County General Sessions Court. One count was for physically assaulting his former girlfriend, and the other count was for physically assaulting his brother. He was sentenced to eleven months and twenty-nine days on each count to be served concurrently. Appellant subsequently appealed this conviction to the Montgomery County Circuit Court. In his "Motion to Appeal," Appellant stated that he was appealing his conviction because he did not voluntarily and knowingly enter his guilty plea, he was afforded ineffective assistance of counsel, and that the evidence was insufficient to support the convictions.

On May 1, 2009, the circuit court held a hearing on the appeal. Prior to the hearing, the circuit court had determined that Appellant would need to file a petition for post-conviction relief in the general sessions court to attack the voluntariness of the entry of his guilty plea. Therefore, the hearing was limited to a review of Appellant's sentence imposed by the general sessions court.

At the hearing, Angela Yarborough, Appellant's former girlfriend, testified that on January 8, 2009, Appellant choked her while they were in front of her house. She stated that he choked her because she refused to resume their romantic relationship. She also testified that a gentleman named Michael Johnson, who lived in the neighborhood, tried to help her. Appellant physically assaulted Mr. Johnson when he attempted to help Ms. Yarborough.

Laurie Miller is one of Ms. Yarborough's neighbors. On the date in question, she was washing clothes at Mr. Johnson's house. She heard yelling and looked outside to see what was happening. She saw Appellant choking Ms. Yarborough and asked Mr. Johnson to help Ms. Yarborough. Mr. Johnson ran down the street to help and ended up in a fight with Appellant. After the fight was concluded, Ms. Yarborough and Mr. Johnson returned to Mr. Johnson's house and someone called the police.

After hearing the above evidence, the circuit court concluded that Appellant's sentence should stand. On June 15, 2009, Appellant filed a pro se "Motion for Early Release" in the circuit court. The court granted the motion on July 13, 2009, and declared that the sentence had been satisfied. Appellant was subsequently released.

## **ANALYSIS**

On appeal to this Court, Appellant argues that the circuit court erred in its refusal to consider the voluntariness of the general sessions guilty plea. He argues that he was entitled to a direct appeal

regarding his guilty plea based upon Rule 37(b)(2)(C) under the Tennessee Rules of Criminal Procedure. The State argues that this Court lacks jurisdiction to hear this appeal because Appellant's claim does not fit within the exception for an appeal from a guilty plea set out in Rule 37(b)(2)(C). In the alternative, the State argues that the circuit court properly limited the appeal to Appellant's sentence based upon Tennessee Code Annotated section 29-5-108 and Rule 5(c)(1)(C)(iii) of the Tennessee Rules of Criminal Procedure.

Rule 37(b)(2) sets out the situations when an appeal lies from a guilty plea. Appellant relies upon subsection Rule 37(b)(2)(C) which states that "a defendant may appeal from . . . a plea of guilty or nolo contendere, if . . . (C) the errors complained of were not waived as a matter of law by the guilty or nolo contendere plea, or otherwise waived, and if such errors are apparent from the record of the earlier proceedings . . . ." As stated above, Appellant bases his entire argument on this rule's applicability to his case.

However, this Court has determined in a previous case that Rule 37 of the Tennessee Rules of Criminal Procedure does not apply to general sessions courts. In *State v. Thomas M. McNerney*, No. 03C01-9305-CR-00168, 1994 WL 568380 (Tenn. Crim. App., at Jackson, Oct. 19, 1994), the defendant entered a plea of nolo contendere in the Trial Justice Court of Sevier County. *Thomas M. McNerney*, 1994 WL 568380, at *1. After entering the plea, the defendant reserved a certified question pursuant to Rule 37. *Id.* When the appeal reached the circuit court, the circuit court dismissed the appeal for lack of subject matter jurisdiction. *Id.* The defendant appealed the dismissal of the appeal. *Id.* The Court stated that "[t]he Advisory Commission Comments provide that the term General Sessions Court includes all courts exercising the jurisdiction of a General Sessions Court in state criminal procedures . . ." such as the Trial Justice Court. *Id.* at *2. This Court also pointed out that Rule 1 of the Tennessee Rules of Criminal Procedure sets out which rules of the Rules of Criminal Procedure apply to general sessions court. *Id.* at *2. Rule 1 of the Tennessee Rules of Criminal Procedure sets out the following rules for application to general sessions court proceedings:

(1) the institution of criminal proceedings pursuant to Rules 3, 3.5, and 4;

(2) the disposition of criminal charges pursuant to Rule 5;

(3) preliminary examinations pursuant to Rule 5.1;

(4) subpoena pursuant to Rule 17;

(5) venue pursuant to Rule 18;

(6) search and seizure pursuant to Rule 41;

(7) assignment of counsel pursuant to Rule 44;

(8) the use of electronic audio-visual equipment to conduct initial appearances pursuant to Rule 43;

(9) the time computations for setting and the process for continuing preliminary examinations pursuant to Rule 45; and

(10) any other situation where the context clearly indicates applicability.

This Court then concluded:

> Tenn. R. Crim. P. 37(b)(2)(iv) is not one of the enumerated rules applicable to the General Sessions Court as set forth in Tenn. R. Crim. P. 1. As determined in the case of *State v. Willoughby*, 594 S.W.2d 388, 391 (Tenn. 1980), our Supreme Court has recognized that the General Sessions Court is not a court of record and that " Rule 1 shows on its face that the Rules [of Criminal Procedure] are applicable to the General Sessions Court only to the extent enumerated and that the enumerated instances of applicability embrace only those proceedings peculiar to the practice in the General Sessions Court." We find that Rule 37 is not, and should not be such an area of practice since the Trial Justice Court is not a court of record.

*Id.* (footnote omitted). The same analysis applies to the case at hand. Appellant pled guilty in a general sessions court. He attempts to appeal from that plea pursuant to a provision of Rule 37 of the Tennessee Rules of Criminal Procedure. Rule 37 is not one of the delineated rules that applies to procedures in general sessions court. Therefore, Appellant's reliance upon Rule 37 to support his appeal to the circuit court must fail.

## **CONCLUSION**

For the foregoing reasons, we affirm the circuit court's refusal to consider the voluntariness of Appellant's plea in his appeal to that court.

_____
JERRY L. SMITH, JUDGE

-4-