IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 10, 2013


STATE OF TENNESSEE v. JOHN THOMAS HUMMONS
IN RE: DANNY BLANKENSHIP BONDING COMPANY


Appeal from the Circuit Court for Madison County
No. 12-162      Donald H. Allen, Judge


No. W2012-02033-CCA-R3-CO Filed  -  January 10, 2014


Appellant bonding company, Danny Blankenship Bonding Company, filed a petition for exoneration of bond in the Madison County Circuit Court case of *State v. John Thomas Hummons*, case number 12-162. The petition was denied by the trial court. In this Tennessee Rule of Appellate Procedure 10 appeal by the appellant, we reverse the ruling of the trial court and remand with instructions for the trial court to enter an appropriate order granting the petition to exonerate Appellant bonding company from the defendant's bond.

**Tenn. R. App. P. 10 Extraordinary Appeal; Judgment of the Circuit Court Reversed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and D. KELLY THOMAS, JR., JJ., joined.

Joel H. Moseley, Sr., Joel H. Moseley, Jr., Murfreesboro, Tennessee; and Lee Richard Sparks, Jackson, Tennessee, for the appellant/surety, Danny Blankenship Bonding Company.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; James G. Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, the State of Tennessee.


**OPINION**


On June 28, 2013, a panel of this court entered an order in this case which thoroughly and adequately sets forth the facts and procedural history of this case. That order states as follows:

# ORDER

This matter is before the Court upon the State's motion to dismiss this appeal. The State contends that the trial court did not issue a final order that is appealable pursuant to Rule 3, Tennessee Rules of Appellate Procedure. The Appellant bonding company requests that this Court consider the appeal as an extraordinary appeal pursuant to Rule 10, Tennessee Rules of Appellant Procedure. The State concedes that the appeal meets the requirements for an extraordinary appeal.

The Defendant John Thomas Hummons was arrested and charged with being a convicted felon in possession of a handgun. The Defendant's bond was set at $10,000, and the Appellant bonding company underwrote the Defendant's bond. The Defendant was indicted for the offense but failed to appear for arraignment. The trial court declared a conditional forfeiture on the appearance bond, issued a writ of scire facias to the Appellant bonding company, and ordered that a capias issue for the Defendant's arrest.

The Appellant bonding company filed a petition for exoneration of liability in the trial court on the grounds that the Defendant was incarcerated in the Cook County Jail in Chicago, Illinois, and that a hold or detainer had been placed by the Madison County Sheriff's Department. During a hearing on August 27, 2012, an agent for the Appellant bonding company informed the trial court that the Defendant was serving a sixteen-year sentence in the Cook County Jail and that a detainer had been filed with the detaining authority.

At the conclusion of the hearing, the trial court denied the petition "at this point." The trial court stated that the Appellant bonding company had not fulfilled its obligation to produce the Defendant in the Madison County [Circuit] Court or at the jail. The court further stated that "[a]t that point then I would certainly consider granting you the exoneration, but until you've fulfilled your obligation, I'm not going to grant your petition." The court declined to order the clerk to issue a final forfeiture "at this point." Rather, the court stated, "Well, I guess we'll have to wait and see whether or not in 16 years if the sheriff department decides to bring him back. You're not going to have to pay the full bond at this point, we'll just show it continued." The trial court did not issue a written order.

On September 25, 2012, the Appellant bonding company filed notice of appeal pursuant to Rule 3, Tennessee Rules of Appellate Procedure. The State correctly states that the trial court did not issue a final judgment. Rule 3 provides for appeals as of right from final judgments. This Court, however, may review an improperly filed Rule 3 appeal as an extraordinary appeal pursuant to Rule 10, Tennessee Rules of Appellate Procedure. See State v. Norris, 47 S.W.3d 457, 463 (Tenn. Crim. App. 2000).

Rule 10 provides for the granting of an extraordinary appeal in the discretion of the appellate court where "the lower court has . . . departed from the accepted and usual course of judicial proceedings as to require immediate review, or . . . if necessary for complete determination for the action on appeal." Tenn. R. App. P. 10. In State v. Willoughby, our supreme court held that an extraordinary appeal should only be granted:

> (a) Where the ruling of the court represents a fundamental illegality.
> (b) Where the ruling constitutes a failure to proceed according to the essential requirements of the law.
> (c) Where the ruling is tantamount to the denial of either party of a day in court.
> (d) Where the action of the trial judge was without legal authority.
> (e) Where the action of the trial judge constituted a plain and palpable abuse of discretion.
> (f) Where either party has lost a right or interest that may never be recaptured.

State v. Willoughby, 594 S.W.2d 388, 392 (Tenn. 1980). The trial court's decision effectively leaves the matter open-ended until the Defendant serves his sixteen-year sentence in Chicago. By denying the petition "at this time" but declining to enter a final judgment, the trial court has deprived the Appellant an appeal as of right pursuant to Rule 3. Under this criteria, we conclude that the Appellant's position is well-taken.

IT IS, THEREFORE, ORDERED that the State's motion to dismiss is DENIED and that the Appellant bonding company's request that this Court consider the appeal as an extraordinary appeal pursuant to Rule 10 is GRANTED.

The State concedes error by the trial court. Tennessee Code Annotated section 40-11-201(b) and (c) provide as follows:

> (b) *No forfeiture* or conditional forfeiture *of any appearance or bail bond shall be rendered in any case where* a statement of a licensed physician is furnished the court showing that the principal in the bond is prevented from attending by some mental or physical disability; or where *an affidavit of the jailer, warden or other responsible officer of a jail, workhouse or penitentiary in which the principal is being detained shall be furnished the court.*
>
> (c) *The appearance or bail bond shall remain in full force and effect* until the principal is physically or mentally able to appear, or *until a detainer against the principal is filed with the detaining authority. On the filing of a detainer, the bondsman and sureties shall remain liable for the expenses of returning the principal to his jurisdiction for trial when the principal is released by the detaining authority.* If the detainer request is refused or if the detaining authority releases the principal notwithstanding the filing of the detainer, the surety shall not be liable in the undertaking. *It shall be the duty of the bondsman or surety to present to the presiding court, in a timely manner, all appropriate documentation evidencing that the detainer was properly filed* or refused, or that the detaining authority released the principal notwithstanding the filing of the detainer. The liability of any bondsman or surety shall not exceed the amount of the bail bond. After trial, however, if it is necessary to return the principal to the detaining authority in another jurisdiction, all expenses incurred in the return shall be paid by the state of Tennessee.

Tenn. Code Ann. § 40-11-201(b) and (c) (emphasis added).

Clearly, from a plain reading of the statute, the petition should have been granted. The State asserts that the order exonerating Appellate bonding company should also include language that Appellant bonding company remains statutorily "liable for the expenses of returning the principal to this jurisdiction for trial when the principal is released by the detaining authority." Appellant bonding company asserts this language of the continued liability for expenses is not necessary in the order because the liability is statutorily required but concedes the additional language is not objectionable.

Accordingly, the ruling of the trial court on Appellant bonding company's Petition to Exonerate Surety is reversed. This matter is remanded to the trial court with instructions to

enter an order granting Appellant bonding company exoneration of the bail bond in this case. The order shall further state that Appellant bonding company shall remain liable for the expenses of returning defendant John Thomas Hummons to the Madison County Circuit Court for the purposes of trial or other disposition in case number 12-162 when defendant is released by the detaining authority.

_____
THOMAS T. WOODALL, JUDGE