# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
January 15, 2013 Session

## STATE OF TENNESSEE v. NORA HERNANDEZ

**Appeal from the Circuit Court for Williamson County**
**No. I-CR-126117      Robbie T. Beal, Judge**

---

**No. M2012-01235-CCA-R3-CD - Filed May 2, 2013**

---

The defendant, Nora Hernandez, appeals from the Williamson County Circuit Court's order revoking her probation and denying her bid to vacate her convictions and sentences. Because this court lacks jurisdiction of the claim relevant to the defendant's motion to vacate, that portion of the appeal is dismissed. Because the record supports revocation of her probation, the judgment of the trial court ordering the same is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed in Part; Appeal Dismissed in Part**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and PAUL G. SUMMERS, SR. J., joined.

Drew Justice, Franklin, Tennessee, for the appellant, Nora Hernandez.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Kim R. Helper, District Attorney General; and Chris Vernon, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On November 30, 2009, the defendant, Nora Hernandez, was arrested and charged with theft of property valued at $500 or less and simple possession of marijuana. On March 16, 2010, the defendant pleaded guilty in the Williamson County General Sessions Court to both charges and received concurrent sentences of 11 months and 29 days in the local workhouse, with all but five days to be served on probation. The defendant was ordered to report to jail on April 16, 2010, to serve her five-day sentence. The general sessions court later reset the defendant's report date to July 9, 2010, due to medical reasons.

Under the terms of her probation, the defendant was ordered to return to court on June 3, 2010, for a mandatory probation review. The defendant failed to appear. She did, however, appear the following morning, and she met with her probation officer. At that time, the probation officer stressed to the defendant the importance of attending all of her mandatory probation review hearings. Despite the warning, the defendant missed the next review hearing scheduled on June 17, 2010. On that same date, the general sessions court issued a probation violation warrant based upon the defendant's failure to appear. The defendant then failed to report to jail as required on July 9, 2010. The general sessions court issued an amended probation violation warrant on July 20, 2010, adding her failure to report to jail as a violation.

While it is not entirely clear from the record, it appears that the defendant was arrested in late December 2011. On December 28, 2011, the general sessions court conducted a hearing on the probation violation warrant, at the conclusion of which it revoked the defendant's probation and ordered her to serve her sentence in confinement. On that same date, the defendant appealed the order revoking her probation to the Williamson County Circuit Court. Although the notice of appeal was filed pro se, the defendant appears to have obtained counsel on December 28 as well.

On February 17, 2012, the defendant, through counsel, filed in the circuit court a motion to dismiss the probation violation warrant, alleging numerous procedural defects in the warrant. Following a hearing, the trial court denied the defendant's motion, finding that the warrant was valid. On April 9, 2012, the defendant filed a motion to vacate her sentences on the grounds that the general sessions court had denied the defendant her right to counsel. Following a June 4, 2012 hearing, the trial court concluded that it did not have jurisdiction to vacate the defendant's sentences, characterizing the defendant's effort as a collateral attack available only via a timely-filed petition for post-conviction relief or a petition for writ of habeas corpus. In addition, the trial court found that the defendant's claim of deprivation of counsel lacked merit because the defendant had "ample opportunity to assert her right [to counsel] and just simply failed to do so."

At that same hearing, the trial court took proof regarding the defendant's violation of probation and ultimately revoked her probation and ordered the defendant to serve her effective sentence in confinement, giving her credit for time already served. From this judgment, the defendant filed a timely notice of appeal.

On appeal, the defendant challenges the circuit court's refusal to vacate her convictions and sentence, claiming that she was deprived of the right to counsel in the general sessions court, and the circuit court's decision to revoke her probation, alleging various defects in the probation violation warrant. The State contends that the defendant's

de novo appeal to the circuit court prevents her from challenging any deficiencies in the general sessions proceedings and that the trial court's revocation of the defendant's probation was proper. To properly dispose of this appeal, we must first separate the defendant's claims into two distinct categories: (1) those claims relating to the underlying convictions of theft of property and simple possession of marijuana and (2) those relating to the revocation of the defendant's probation. We determine that we do not have jurisdiction of the defendant's appeal of the circuit court's dismissal of her motion to vacate, and that portion of the appeal is dismissed. We also determine that the trial court did not err by revoking the defendant's probation. Each issue is discussed more fully below.

## *I. Underlying Convictions*

As indicated above, following the appeal of the revocation of her probation to the Williamson County Circuit Court, the defendant filed a motion seeking to vacate her sentence on grounds that she was denied counsel in the general sessions court when entering her pleas of guilty. The circuit court noted that it did not have jurisdiction of the claim because it was a collateral attack on the underlying convictions that should have been raised in a properly filed petition for post-conviction relief or petition for writ of habeas corpus. Nevertheless, the court also concluded that the defendant had not been deprived of counsel. In this appeal, the defendant reiterates her claim that the circuit court should have vacated her "sentence," based upon the deprivation of her right to counsel in the general sessions court. Before we can adjudicate this claim, however, we must determine whether we have jurisdiction over it.

The defendant's conviction judgments, including her sentences, were entered by the general sessions court on or about March 16, 2010. She had ten days in which to perfect an appeal to the circuit court. T.C.A. § 27-5-108. Because she did not appeal the convictions or sentences within ten days, the conviction judgments became final. The notice of appeal the defendant filed on December 28, 2011, specified an appeal from only the revocation of probation that the general sessions court had ordered that day. Consequently, the conviction judgments were not before the circuit court when the defendant filed her motion to vacate her sentences on April 9, 2012. That motion, therefore, stood alone as some sort of attempted attack upon the conviction judgments.

The defendant asked that, based upon the deprivation of counsel in the general sessions court, her five-day jail sentence be invalidated. The complete deprivation of counsel, however, would implicate more than the incarcerative portion of her sentence, however, and would, in fact, render the judgments in her case presumptively void. *See Burgett v. Texas*, 389 U.S. 109, 114-15 (1967). In *Argersinger v. Hamlin*, the Supreme Court held that "absent a knowing and intelligent waiver, no person may be imprisoned for any

offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." *Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972). Later, in *Scott v. Illinois*, the Court held that "counsel need not be appointed" unless the defendant is actually "sentenced to a term of imprisonment." *Scott v. Illinois,* 440 U.S. 367, 373-74 (1979). Following *Scott*, courts were divided on the question whether the Sixth Amendment required the appointment of counsel before the imposition of a suspended sentence, with some courts interpreting *Argersinger* and *Scott* as permitting imposition of an entirely suspended sentence without the appointment or waiver of counsel and others holding "that appointment of counsel is a constitutional prerequisite to imposition of a conditional or suspended prison sentence." *Alabama v. Shelton*, 535 U.S. 654, 660 (2002). The Supreme Court settled the question in *Alabama v. Shelton*, holding "that a suspended sentence that may 'end up in the actual deprivation of a person's liberty' may not be imposed unless the defendant was accorded 'the guiding hand of counsel' in the prosecution for the crime charged." *Shelton*, 535 U.S. at 658 (quoting *Argersinger*, 407 U.S. at 40).

That being said, the general sessions court judgments contain express, written waivers of the right to counsel, the right to grand jury review, the right to trial on indictment or presentment, and the right to trial by jury. As a result, the judgments are facially valid. Consequently, even had the circuit court treated the defendant's motion to vacate as a petition for writ of habeas corpus, she would not be entitled to the relief she desires.

Moreover, a closer examination of the defendant's claim reveals that it is more a claim that her guilty pleas were not voluntarily entered than it is a claim of voidness due to a complete deprivation of the right to counsel. It is well established that a guilty plea rendered unknowingly and involuntarily renders a judgment voidable rather than void. *See, e.g.*, *Archer v. State*, 851 S.W.2d 157, 163 (Tenn. 1993); *Johnson v. State*, 834 S.W.2d 922, 925 (Tenn. 1992). The appropriate vehicle for attacking an unknowing and involuntary guilty plea is the Post-Conviction Procedure Act. *Archer*, 851 S.W.2d at 163. Tennessee Code Annotated section 40-30-104(a) provides, in pertinent part, that "[p]etitions challenging misdemeanor convictions not in a court of record shall be filed in a court of record having criminal jurisdiction in the county in which the conviction was obtained." T.C.A. § 40-30-104(a) (2006). The record is clear that the defendant did not file a post-conviction petition challenging her convictions. Moreover, had the circuit court treated her motion to vacate as a petition for post-conviction relief, she would again not be entitled to relief because the motion was filed more than two years after the convictions became final, far outside the one-year statute of limitations for filing a petition for post-conviction relief. *Id.* § 40-30-102(a).

Rule 3 of the Tennessee Rules of Appellate Procedure governs when a criminal defendant may appeal as of right:

In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, an order or judgment entered pursuant to Rule 36, Tennessee Rules of Criminal Procedure, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Tenn. R. App. P. 3(b). As is discussed more fully above, the defendant's appeal of the circuit court's denial of her motion to vacate does not constitute an appeal from a judgment of conviction. Additionally, for the reasons discussed above, the denial of the motion does not qualify as a final judgment in a habeas corpus or post-conviction proceeding. Finally, the defendant's appeal does not constitute an appeal from an order denying or revoking probation, an order entered pursuant to Rule 36, or a final judgment in a criminal contempt or extradition proceeding. Consequently, the defendant has no right to appeal the order of the trial court under Rule 3 of the Tennessee Rules of Appellate Procedure.

That being said, this court may, under certain circumstances, treat an improperly filed Rule 3 appeal as an interlocutory, extraordinary appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. *See State v. Norris*, 47 S.W.3d 457, 463 (Tenn. Crim. App. 2000); *State v. Leath*, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998). Rule 10 provides:

An extraordinary appeal may be sought on application and in the discretion of the appellate court alone of interlocutory orders of a lower court from which an appeal lies to the Supreme Court, Court of Appeals or Court of Criminal Appeals: (1) if the lower court has so far departed from the accepted and usual course of

judicial proceedings as to require immediate review, or (2) if necessary for complete determination of the action on appeal as otherwise provided in these rules. The appellate court may issue whatever order is necessary to implement review under this rule.

Tenn. R. App. P. 10(a). Before this court will grant an extraordinary appeal, however, the appellant must establish that: (a) "the ruling of the court below represents a fundamental illegality," (b) "the ruling constitutes a failure to proceed according to the essential requirements of the law," (c) "the ruling is tantamount to the denial of either party of a day in court," (d) "the action of the trial judge was without legal authority," (e) "the action of the trial judge constituted a plain and palpable abuse of discretion," or (f) "either party has lost a right or interest that may never be recaptured." *State v. Willoughby*, 594 S.W.2d 388, 392 (Tenn. 1980) (finding that the principles required for the common law writ of certiorari are applicable to applications for extraordinary appeal under Rule 10). Application of Rule 10 in this case is inappropriate, however, because the defendant appeals from the final judgment of the trial court denying her free-standing motion to vacate. The plain language of Rule 10 limits its application to the "interlocutory orders" of the trial court. In any event, the circuit court's action was not improper; it had no jurisdiction over the conviction judgments which, we might add, were predicated upon the defendant's written waiver of counsel.

The defendant's only other option for jurisdiction would lie via the common law writ of certiorari. *See Leath*, 977 S.W.2d at 135. "The common-law writ of certiorari is 'of ancient origin and has been characterized as extraordinary, remedial, revisory, supervisory, and prerogative.'" *State v. Lane*, 254 S.W.3d 349, 353 (Tenn. 2008) (quoting *State v. Johnson*, 569 S.W.2d 808, 812 (Tenn. 1978); *Tenn. Cent. R.R. v. Campbell*, 75 S.W. 1012 (Tenn. 1903)). An extremely limited avenue of relief, the writ of certiorari is available "to correct '(1) fundamentally illegal rulings; (2) proceedings inconsistent with essential legal requirements; (3) proceedings that effectively deny a party his or her day in court; (4) decisions beyond the lower tribunal's authority; and (5) plain and palpable abuses of discretion.'" *Lane*, 254 S.W.3d at 355 (quoting *Willis v. Tenn. Dep't Corr.*, 113 S.W.3d 706, 712 (Tenn. 2002) (citing *Willoughby*, 594 S.W.2d at 392)). The writ may also lie "'[w]here either party has lost a right or interest that may never be recaptured.'" *Id.* (quoting *Johnson*, 569 S.W.2d at 815 (citing *Hale v. State*, 548 S.W.2d 878 (Tenn. 1977); *State v. Dougherty*, 483 S.W.2d 90 (Tenn. 1972))). In the instant case, the circuit court's denial of the defendant's motion to vacate does not warrant review via the common law writ of certiorari. As discussed more fully above, the judgments are facially valid, and for that reason, so is the order of the circuit court denying the motion to vacate.

Because we have no jurisdiction to consider this particular issue, the defendant's appeal of the circuit court's denial of her motion to vacate on grounds that she

was deprived of the right to counsel in general sessions court is dismissed.

## II. Probation Revocation Issues

The defendant contends that the circuit court erred by revoking her probation because the warrant revoking her probation was insufficient and invalid. Importantly, the defendant does not deny that she violated the terms of her probation. The State asserts that the record supports the revocation.

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence. . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310.

### A. Validity of Violation Warrant

The defendant first asserts that the probation revocation warrant is void because it is unsworn. Tennessee Code Annotated section 40-35-311 addresses the procedure for revocation of probation:

> (a) Whenever it comes to the attention of the trial judge that any defendant who has been released upon suspension of sentence has been guilty of any breach of the laws of this state or has violated the conditions of probation, the trial judge shall have the power to cause to be issued under the trial judge's hand a warrant

-7-

for the arrest of the defendant as in any other criminal case. Regardless of whether the defendant is on probation for a misdemeanor or felony, or whether the warrant is issued by a general sessions court judge or the judge of a court of record, the warrant may be executed by a probation officer or any peace officer of the county in which the probationer is found.

T.C.A. § 40-35-311(a) (Supp. 2009). This court has repeatedly held that this statute does not require a sworn affidavit as a prerequisite to issuing a probation violation warrant. *See State v. Bobby Gene Tucker*, No. E2001-00017-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Knoxville, Aug. 23, 2001) (holding that "revocation proceedings are not rendered void merely because the allegations of fact that, if true, justify revocation were not placed in affidavit form"); *State v. Janie Cousett*, No. W1999-01256-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Jackson, Feb. 10, 2000) (stating "unlike an arrest warrant issued pursuant to the Tennessee Rules of Criminal Procedure, issuance of a probation revocation warrant is governed by statute and does not require an affidavit"); *State v. Roger Dale Chisam*, No. 85-194-III (Tenn. Crim. App., Nashville, Dec. 13, 1985) (holding that, by statute, "the trial judge has the power, in his discretion, to issue probation violation warrants under his own hand without the necessity of affidavits, as the Rules of Criminal Procedure would require for the issuance of a regular warrant"). Because no affidavit is required by law, the lack of sworn allegations in this case does not invalidate the probation violation warrant.

The defendant next argues that the probation revocation warrant failed to allege an offense, thus rendering it an invalid charging instrument. Specifically, the defendant claims that the basis for the violation of probation – failure to appear for court-ordered review – is an unauthorized probation condition under Tennessee Code Annotated section 40-35-303(d), which provides, in relevant part, as follows:

Whenever a court sentences an offender to supervised probation, the court shall specify the terms of the supervision and may require the offender to comply with certain conditions that may include, but are not limited to:

. . . .

(8) Submit to supervision by an appropriate agency or person, and report as directed to the court;

T.C.A. § 40-35-303(d)(8).

The defendant's probation order, which was filed in general sessions court on March 16, 2010, ordered the defendant to return to court for a mandatory probation review on June 3, 2010 at 9:00 a.m. This sort of supervision and reporting is precisely the type anticipated by Code subsection 40-35-303(d)(8). The defendant's position to the contrary is erroneous. Moreover, even if Code section 40-35-303 did not specifically authorize this condition, the statute makes it clear that the list enumerated in section (d) does not limit those conditions that may be imposed by the trial court, and subsection (d)(9) permits the court to impose "any other conditions reasonably related to the purpose of the offender's sentence and not unduly restrictive of the offender's liberty or incompatible with the offender's freedom of conscience, or otherwise prohibited by this chapter." T.C.A. § 40-35-303(d).

As previously noted, the defendant did not appear for a mandatory review hearing on June 3, 2010. When she arrived the following morning, she met with her probation officer, who testified at the revocation hearing that he emphasized "the importance of her showing up for the review and it was agreed she would show up on the following Court review," which was scheduled for June 17, 2010. When the defendant again failed to appear on June 17, the general sessions court issued a probation violation warrant based upon her failure to appear on two separate occasions. The defendant's failure to appear violated the terms of her probation and was, therefore, an appropriate basis for the revocation of her probation.

The defendant also argues that the inclusion in the probation revocation warrant of "future" violations – the defendant's failure to pay fees and fines and her failure to serve her jail time – also serves to invalidate the warrant. The warrant in this case is simply a form document, which lists numerous potential violations. The court may then "check the box" for the violation or violations that the defendant has allegedly committed. The form also provides space at the bottom to enter other violations. In the defendant's case, the court clearly premised the issuance of the warrant on the defendant's failure to appear for court-ordered review. That the court "checked off" other probation violations does not affect the validity of the warrant. Moreover, when the defendant did actually fail to report to jail on July 9, the court issued an amended probation violation warrant on July 20, 2010, on the basis of the defendant's failure to report for service of her jail sentence.

Finally, the defendant claims that because the probation violation warrant was invalid, her probationary period expired in March 2011. As indicated, none of the claimed irregularities invalidated the violation warrant, and the issuance of the warrant on June 17, 2010, tolled the probationary period. "If the probation revocation warrant is issued within the term of the sentence, the issuance of the warrant commences the revocation proceedings and thereby interrupts the running of the probationary period 'until such time as the trial court [may] hear and determine the issue raised by the [warrant].'" *State v. Shaffer*, 45

S.W.3d 553, 555 (Tenn. 2001) (citation omitted).

### B. *Grounds for Revocation*

Although the defendant does not challenge the sufficiency of the evidence supporting the revocation of her probation, we hold that the trial court did not abuse its discretion in revoking her probation. The defendant twice failed to appear for court-ordered review dates, and she failed to report to jail to serve her five-day sentence because, by her own admission, she simply did not want to go to jail. In consequence, the trial court did not err by revoking the defendant's probation and ordering her to serve the balance of her sentence in confinement.

Accordingly, we dismiss the defendant's appeal of the circuit court's denial of her motion to vacate and affirm the judgment of the trial court in all other respects.

_____
JAMES CURWOOD WITT, JR., JUDGE