IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
September 24, 2024 Session

## STATE OF TENNESSEE v. JOSHUA ANTHONY WILLIAMS, ALIAS

**Appeal from the Criminal Court for Knox County**
**No. 122513   Steven Wayne Sword, Judge**

_____

**No. E2023-00996-CCA-R3-CD**

_____

The Defendant, Joshua Anthony Williams, alias, pleaded guilty in the Knox County Criminal Court to statutory rape. Pursuant to a plea agreement, the Defendant was to receive a four-year sentence as a Range II offender to be served on probation following one year of confinement, and the trial court was to determine whether to grant judicial diversion and whether to require the Defendant to register as a sexual offender. Following a hearing, the trial court granted the Defendant's request for judicial diversion, extending the diversionary period to six years, and placed the Defendant on the sexual offender registry during the diversionary period. On appeal, the Defendant contends that the trial court erred in placing him on the sexual offender registry. We conclude that the Defendant does not have an appeal as of right pursuant to Tennessee Rule of Appellate Procedure 3 and that the Defendant failed to satisfy the requirements for extraordinary relief pursuant to Tennessee Rule of Appellate Procedure 10. Accordingly, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

CAMILLE R. MCMULLEN, P.J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR. and JILL BARTEE AYERS, JJ., joined.

Jonathan Harwell and Halle Hammond (on appeal); Eric Lutton, District Public Defender; Adam Elrod and Maggy Greenway (at trial); Assistant Public Defenders, for the appellant, Joshua Anthony Williams, alias.

Jonathan Skrmetti, Attorney General and Reporter; Courtney N. Orr, Deputy Attorney General; Charme P. Allen, District Attorney General; and Ashley McDermott, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

Following an incident involving the Defendant's thirteen-year-old cousin on June 15, 2022, the Defendant was indicted on three counts of sexual battery and two counts of rape. Pursuant to a plea agreement entered on March 23, 2023, the Defendant pleaded guilty to one count of statutory rape as a lesser included offense of rape, and the remaining counts were dismissed. The parties agreed that the Defendant would receive a four-year-sentence as a Range II offender with one year of confinement followed by probation.[1] The parties also agreed that the trial court would decide whether to grant judicial diversion and whether to require the Defendant to register as a sexual offender.

During the plea hearing, the State informed the trial court that had the case proceeded to trial, the State would have presented evidence that on September 15, 2022, while the eighteen-year-old Defendant and his thirteen-year-old cousin were living in the same home, the Defendant "forced [the victim] to perform oral sex on him and . . . forced his penis into the victim's vagina without her consent." During the sexual assault, the victim told the Defendant to stop, and his actions were interrupted by the victim's mother. The State entered a recording of the victim's testimony during the preliminary hearing as an exhibit.

Defense counsel informed the trial court that the Defendant was not stipulating to "any act of force." Rather, the defense stipulated that the evidence would meet the elements of statutory rape provided in Tennessee Code Annotated section 39-13-506(b)(1) and that at the time of the offense, his and the victim's respective ages were eighteen and thirteen.

During the sentencing hearing on June 9, 2023, the State presented the Defendant's presentence report, the report from his psychosexual risk assessment, and the testimony of two officers regarding the Defendant's two disciplinary infractions while in jail. The Defendant presented the testimony of Cara Pettit, the probation officer who prepared the presentence report and administered the Strong-R Risk and Needs Assessment, which indicated that the Defendant had a "high (violent)" risk to reoffend. Ms. Pettit also testified regarding the Defendant's history of alcohol and drug use.

The victim submitted a handwritten statement in which she detailed her fears and emotional struggles since the offense. She stated that she hoped the Defendant would never be released from prison. The victim's mother also gave a statement, detailing the victim's

---

[1] The State indicated during the plea hearing that the Defendant would have completed service of his one-year term of confinement around the time of the sentencing hearing in June 2023.

struggles, the effect of the Defendant's actions on their family, and the Defendant's lack of remorse.

At the conclusion of the hearing, the trial court granted the Defendant's request for judicial diversion, extending the diversionary period to six years, and the trial court ordered that the Defendant be placed on the sexual offender registry during the diversionary period. In ordering the Defendant to be placed on the sexual offender registry, the trial court found that the Defendant was originally charged with rape and sexual battery and that pursuant to a plea agreement, his charges were reduced to statutory rape, a Class E felony. In examining the facts and circumstances of the offense, the trial court stated:

And so the facts that are stipulated to are the facts of statutory rape. I don't think you have to go too far beyond those facts to make a determination that Sex Offender Registry is warranted in this case.

This is not a situation where we're dealing with a 15-year-old girl and a 20-year-old guy. We are just a few months away from this being rape of a child and he'd be looking at an extremely long time in the penitentiary. There is not only a large mental and emotional difference between a 13 year old and an 18 year old, but there's a huge physical difference, too.

And so this is not a situation either where he met a girl online who was putting herself out there to say she was looking to date and she was in high school or a young adult. This was a situation where he knew who this girl was. I mean, it's your cousin. You've been to birthday parties before. There was no doubt in the defendant's mind that she was 13 years old.

And so if you've got an 18 year old who's engaging in sexual behavior, whether it's forcible or by whatever degree a 13 year old can consent, it is still, in my mind, an act of a predator. And so based upon that, the Court finds that the Sex Offender Registry is warranted in this case.

The trial court then reviewed the factors relating to judicial diversion. The trial court determined that judicial diversion was appropriate but extended the diversionary period to six years. Among the factors that the trial court considered in imposing judicial diversion were that the Defendant had been incarcerated for approximately one year by the time of the hearing and that the court was requiring the Defendant to register as a sexual offender "so the [c]ourt is assured that he will be watched as closely under the law as anybody can be." The trial court stated that it would require the Defendant to register as a sexual offender during the diversionary period "for the safety of the community and also to ensure that [the Defendant is] taking this serious[ly]." The trial court also stated that if

- 3 -

the Defendant completes six years of judicial diversion while on the sexual offender registry, "the [c]ourt is fairly confident that he had been rehabilitated." The Defendant subsequently filed a notice of appeal pursuant to Tennessee Rule of Appellate Procedure 3.

## ANALYSIS

The Defendant asserts that he has an appeal as of right pursuant to Tennessee Rule of Appellate Procedure 3 of the trial court's order requiring him to register as a sexual offender or that, alternatively, the trial court's order warrants an extraordinary appeal pursuant to Rule 10. The Defendant argues that the judicial diversion provisions in Tennessee Code Annotated section 40-35-313 and the definition of "conviction" applicable to the sexual offender registry set forth in Code section 40-39-202(1) are "incompatible on their face." Citing to the rule of lenity and the principles of fair notice and vagueness, the Defendant maintains that the trial court was precluded from placing him on the sexual offender registry while also granting him judicial diversion. The Defendant contends that even if the trial court had the authority to order him to register as a sexual offender during the diversionary period, the trial court erred in doing so. He specifically argues that the trial court improperly considered factual allegations that were not proven by the State or admitted by the Defendant, "automatically" placed him on the registry due to the nature of the offense, erroneously applied various sentencing factors, and failed to apply mitigating factors.

The State responds that the Defendant does not have an appeal as of right pursuant to Tennessee Rule of Appellate Procedure 3 of a trial court's order granting judicial diversion and that the Defendant failed to establish a basis for an extraordinary appeal pursuant to Rule 10. The State also responds that the trial court had the authority to require the Defendant to register as a sexual offender during the diversionary period and that the trial court properly exercised its discretion in doing so.

Tennessee Rule of Appellate Procedure 3(b), which lists the circumstances under which a criminal defendant has an appeal as of right, provides:

> In criminal actions an appeal as of right by a defendant lies from *any judgment of conviction* entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no

plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation; an order denying a motion for reduction of sentence pursuant to Rule 35(d), Tennessee Rules of Criminal Procedure; an order or judgment pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure; from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceedings from a final order on a request for expunction; and from the denial of a motion to withdraw a guilty plea under Rule 32(f), Tennessee Rules of Criminal Procedure.

Tenn. R. App. P. 3(b) (emphasis added). Rule 3 limits appeals as of right to those expressly enumerated in the Rule. See State v. Lane, 254 S.W.3d 349, 352-53 (Tenn. 2008).

The Defendant, however, received judicial diversion, which resulted in the deferment of the entry of a judgment of conviction. See Tenn. Code Ann. § 40-35-313(a)(1)(A). A final disposition will not occur until the Defendant either successfully completes probation during the diversionary period or violates a condition of probation. See id. § 40-35-313(a)(2). If the Defendant successfully completes probation, the charges will be dismissed "without court adjudication of guilt." Id. Accordingly, the Defendant, who received judicial diversion, does not have an appeal as of right because no judgment has been entered and the diversion did not result in the entry of any of the appealable orders specified in Rule 3(b). See State v. Saxton, No. M2015-01380-SC-R11-CD (Tenn. Mar. 9, 2017) (order) ("There is no appeal as of right under Tenn. R. App. P. 3 from the grant of judicial diversion."); State v. Norris, 47 S.W.3d 457, 461-63 (Tenn. Crim. App. 2000) (holding that a defendant does not have an appeal as of right pursuant to Rule 3(b) when a defendant has been granted judicial diversion); see also State v. Holcomb, No. E2020-00332-CCA-R3-CD, 2021 WL 945098, at *3 (Tenn. Crim. App. Mar. 12, 2021) (holding that the defendant was not entitled to an appeal as of right pursuant to Rule 3(b) when the defendant received judicial diversion but sought to appeal the trial court's order requiring that the defendant register as a sexual offender); State v. Kuykendall, No. E2011-01350-CCA-R3-CD, 2012 WL 3986318, at *3-4 (Tenn. Crim. App. Sept. 12, 2012) (concluding that the defendant did not have an appeal as of right pursuant to Rule 3(b) when the defendant received judicial diversion but sought to appeal the trial court's order regarding restitution).

This court, however, may treat an improperly filed appeal pursuant to Rule 3 as an extraordinary appeal pursuant to Rule 10. See Norris, 47 S.W.3d at 463; State v. Leath, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1995). Rule 10 provides:

- 5 -

An extraordinary appeal may be sought on application and in the discretion of the appellate court alone of interlocutory orders of a lower court from which an appeal lies to the Supreme Court, Court of Appeals or Court of Criminal Appeals: (1) if the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review, or (2) if necessary for complete determination of the action on appeal as otherwise provided in these rules.

Tenn. R. App. P. 10(a). The Advisory Commission Comment states that the circumstances in which review is available pursuant to Rule 10 "are very narrowly circumscribed to those situations in which the trial court or the intermediate appellate court has acted in an arbitrary fashion, or as may be necessary to permit complete appellate review on a later appeal."

Our supreme court has concluded that appellate courts should grant a Rule 10 extraordinary appeal

only when the challenged ruling represents a fundamental illegality, fails to proceed according to the essential requirements of the law, is tantamount to the denial of a party's day in court, is without legal authority, is a plain and palpable abuse of discretion, or results in either party losing a right or interest that may never be recaptured.

Gilbert v. Wessels, 458 S.W.3d 895, 898 (Tenn. 2014) (citing State v. McKim, 215 S.W.3d 781, 791 (Tenn. 2007); State v. Willoughby, 594 S.W.2d 388, 392 (Tenn. 1980)). Our supreme court noted that "Rule 10 appeals are reserved only for *extraordinary* departures from the accepted and usual course of judicial proceedings" and that appellate courts must "exercise restraint in granting Rule 10 appeals." Id. (emphasis in original).

Tennessee Code Annotated section 39-13-506(d)(2)(B) provides that the trial court "may" order that a person "who commits statutory rape for the first time" be required to register as a sexual offender after the trial court takes into account "the facts and circumstances surrounding the offense, including the offense for which the person was originally charged and whether the conviction was the result of a plea bargain agreement." The Defendant, however, argues that the trial court lacked the authority to place him on the sexual offender registry during his diversionary period because the judicial diversion provisions in Code section 40-35-313, which defer the entry of a judgment of conviction, and Code section 40-39-202(1), which defines "conviction" for purposes of a sexual offender registry as including "a plea taken in conjunction with § 40-35-313" are "incompatible on their face." The Defendant maintains that the rule of lenity requires that the alleged contradiction between the statutes be resolved in his favor and that "[t]he

principles of fair notice and due process . . . preclude application of the registry to diverted defendants."

The Defendant failed to raise this issue in the trial court. Generally, appellate review is limited to those issues that have been "formulated and passed upon in some inferior tribunal." State v. Bristol, 654 S.W.3d 917, 925 (Tenn. 2022) (citation and internal quotation marks omitted). Thus, "'[i]t has long been the general rule that questions not raised in the trial court will not be entertained on appeal.'" Id. (quoting Lawrence v. Stanford, 655 S.W.2d 927, 929 (Tenn. 1983)). "This obligation to preserve issues applies to constitutional issues as well as non-constitutional ones." State v. Vance, 596 S.W.3d 229, 253 (Tenn. 2020); see State v. Minor, 546 S.W.3d 59, 68-70 (Tenn. 2018) (concluding that the defendant's challenge to the constitutionality of the criminal gang offense statute was subject to the "appellate review preservation requirements" even though the challenge to the constitutionality of the statute was based upon a new rule that was announced after the defendant's trial and during the pendency of his direct appeal); State v. Atwell, No. E2021-00067-CCA-R3-CD, 2022 WL 601126, at *5 (Tenn. Crim. App. Mar. 1, 2022) (concluding that the defendant waived his constitutional challenge to the Sex Offender Registry Act by failing to raise the issue in the trial court). The appellate review preservation requirements apply regardless of whether the appellant seeks appellate review of the issue in an appeal as of right pursuant to Tennessee Rule of Appellate Procedure 3(b), in an interlocutory appeal pursuant to Rule 9, or in an extraordinary appeal pursuant to Rule 10. See Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.").

More than two months prior to the sentencing hearing, the Defendant entered into a plea agreement in which he agreed that the trial court would determine whether he would receive judicial diversion and whether he would be required to register as a sexual offender. Despite having ample notice that the trial court would determine both issues during the hearing, the Defendant never raised a challenge to the trial court's authority to order him to register as a sexual offender while also granting him judicial diversion. The Defendant also received a favorable ruling from the trial court on the issue of judicial diversion due in part to the trial court's decision to require the Defendant to register as a sexual offender. We conclude that by failing to raise the issue in the trial court, the Defendant has waived this issue on appeal. The Defendant does not seek review of the issue under plain error. See State v. Bledsoe, 226 S.W.3d 349, 355 (Tenn. 2007) ("It is the accused's burden to persuade an appellate court that the trial court committed plain error."); State v. Funk, No. E2022-01367-CCA-R3-CD, 2023 WL 7130289, at *3 (Tenn. Crim. App. Oct. 30, 2023) ("[A] party seeking plain error relief must generally raise and argue the issue in the party's briefing, just as the party would do with all other issues in the ordinary course of an appeal."), no perm. app. filed. Accordingly, we conclude that the Defendant failed to

establish that the trial court "so far departed from the accepted and usual course of judicial proceedings as to require immediate review." Tenn. R. App. P. 10(a).

We also conclude that the Defendant failed to satisfy any of the requirements for extraordinary relief pursuant to Rule 10 with respect to his claim that the trial court should not have placed him on the sexual offender registry based on the facts and circumstances of the case. See Holcomb, 2021 WL 945098, at *4 (holding that the defendant's claim that the trial court erred in placing him on the sexual offender registry based on the facts and circumstances of the case did not meet the requirements for an extraordinary appeal pursuant to Rule 10). This court has determined that "the appropriate standard of appellate review for a trial court's determination regarding whether a defendant should be required to register as a sex offender is an abuse of discretion accompanied by a presumption of reasonableness." State v. Broadrick, 648 S.W.3d 158, 169 (Tenn. Crim. App. 2018). The record reflects that the trial court considered the factors set forth in Tennessee Code Annotated section 39-13-506(d)(2)(B) in ordering that the Defendant register as a sexual offender during the diversionary period. The Defendant has failed to establish that the trial court's decision met the requirements for extraordinary review provided in Rule 10 and in the opinions of our supreme court. See Tenn. R. App. P. 10(a); Gilbert, 458 S.W.3d at 898; McKim, 215 S.W.3d at 791; Willoughby, 594 S.W.2d at 392.

Finally, the Defendant argues in a footnote in his brief that the lack of an appeal could "render his plea unknowing or involuntary." He raises this issue for the first time on appeal and did not cite any authority or include any argument in his brief to support his claim. Accordingly, this issue is waived. See Bristol, 654 S.W.3d at 925; Tenn. R. App. P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b).

## CONCLUSION

We conclude that the Defendant does not have an appeal as of right pursuant to Tennessee Rule of Appellate Procedure 3(b) and that he failed to satisfy the requirements for extraordinary relief pursuant to Rule 10. Accordingly, we dismiss the appeal.

_____
CAMILLE R. MCMULLEN, PRESIDING JUDGE