IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
May 13, 2025 Session

**STATE OF TENNESSEE v. WILLIAM MARTINEZ**

**Appeal from the Circuit Court for Williamson County**
**No. J-CR230329     Deanna B. Johnson, Judge**

_____

**No. M2024-01554-CCA-R10-CD**

_____

A Williamson County trial court, over objection from the State of Tennessee, granted the defendant's motion to depose a witness for discovery purposes. This Court granted the State's application for an extraordinary appeal under Rule 10 of the Tennessee Rules of Appellate Procedure. Upon our review, we conclude the trial court erred in its decision to grant the defendant's motion and remand the case to the trial court for proceedings consistent with this opinion.

**Tenn. R. App. P. 10 Extraordinary Appeal; Judgment of the Circuit Court is Reversed**

J. ROSS DYER, J., delivered the opinion of the court, in which JILL BARTEE AYERS and KYLE A. HIXSON, JJ., joined.

Jonathan Skrmetti, Attorney General and Reporter; William C. Lundy, Assistant Attorney General; Stacey B. Edmonson, District Attorney General; and Carlin C. Hess, Assistant District Attorney General, for the appellant, State of Tennessee.

Ben M. Rose, Brentwood, Tennessee, for the appellee, William Martinez.

**OPINION**

We granted review of this case at the State's request in order to review a ruling by the trial court mandating the State present a potential witness to submit to a pretrial deposition with defense counsel for discovery purposes. We hold that the trial court erred in granting the defendant's motion.

*Facts and Procedural History*

The defendant, William Martinez, was indicted by a Williamson County Grand Jury in June of 2023 on one count of theft of $10,000 or more but less than $60,000. *See* Tenn. Code Ann. §§ 39-14-104, -105(a)(4). This charge arose from an allegation by Christopher Martinez, the CEO of 3D Technology, that his brother, the defendant, had used a credit card belonging to 3D Technology for personal use without authorization.

During pretrial discovery, the State made available to the defendant all evidence in its possession. Thereafter, the defendant filed several motions seeking further discovery from the State, including twelve motions attempting to obtain specific documents related to 3D Technology's financial records. At a hearing on these motions, the State represented that they had complied with all requests included in the defendant's "Motion for *Brady* Material"[1] and "Motion for Discovery and Inspection," with a limited exception relating to informants. In his twelve motions for discovery of specific financial records, the defendant requested the State provide specific documents detailing particular allegations of embezzlement. The State countered that they had produced all information and documents in their possession to the defendant, fulfilling their obligation. The trial court found that the State was not required to produce particular documents detailing specific allegations. The trial judge did, however, allow the defendant to present an Order demanding the documents directly from Christopher Martinez and 3D Technology.

On August 30, 2024, as an alternative to the above discovery requests, the defendant filed a "Motion for Deposition of Christopher Martinez." In its argument, the defendant initially cited the lack of assurances from the State that Christopher Martinez would appear for trial but also argued that denying the defendant the opportunity to depose the witness would "[prevent him] from obtaining this same exculpatory information." In its response, the State objected to the defendant's Motion for Deposition citing Rule 15 of the Tennessee Rules of Criminal Procedure as a restriction on the use of discovery depositions in criminal cases.

At the hearing, the defendant argued, "we should be able to discover [potentially exculpatory information] through alternative means. . . . Our purpose in taking Mr. Martinez's deposition is not to do a discovery deposition, it is to discover – or to obtain exculpatory information and documents that the State refuses to provide us." The defendant also stated, "[a]ll we're asking for is to have the ability to depose Christopher Martinez and obtain the same kind of information that we believe the State should produce[.]" The State, in response, reiterated its position that this deposition was clearly

---

[1] *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)

for discovery purposes and depositions for discovery purposes are not allowed under the Tennessee Rules for Criminal Procedure.

Following the arguments of counsel, the trial court granted the defendant's motion holding, "the Motion for Deposition of Christopher Martinez is well-taken and should be granted, particularly based upon the contents of the motion, the State's response to discovery requests thus far, the uniqueness of this case, and Mr. Martinez's requested relief from the State." On October 10, 2024, the State filed its Application for Extraordinary Appeal, which this Court granted, and this appeal followed.

## *Analysis*

Rule 10(a) of the Tennessee Rules of Appellate Procedure provides that

> [a]n extraordinary appeal may be sought on application and in the discretion of the appellate court alone of interlocutory orders of a lower court from which an appeal lies to the Supreme Court, Court of Appeals[,] or Court of Criminal Appeals if the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review. . ."

Tenn. R. App. P. 10(a).

> An appellate court should grant a Rule 10 extraordinary appeal only when the challenged ruling represents a fundamental illegality, fails to proceed according to the essential requirements of the law, is tantamount to the denial of a party's day in court, is without legal authority, is a plain and palpable abuse of discretion, or results in either party losing a right or interest that may never be recaptured.

*Gilbert v. Wessels*, 458 S.W.3d 895, 898 (Tenn. 2014) (citing *State v. McKim*, 215 S.W.3d 781, 791 (Tenn. 2007) and *State v. Willoughby*, 594 S.W.2d 388, 392 (Tenn. 1980)). Our supreme court has held that "Rule 10 appeals are reserved only for extraordinary departures from the accepted and usual course of judicial proceedings." *Id.*

Pursuant to Rule 10(c), the narrow issue on appeal is the statement presented for review by the State in its application: "Did the trial court abuse its discretion when it granted the defendant's motion to depose the State's chief witness for discovery purposes in the absence of any evidence that the witness would be unavailable for trial due to exceptional circumstances?" It is the only issue to be addressed. The State contends that the deposition sought by the defendant is for discovery purposes and, thereby, restricted by Rule 15 of the Tennessee Rules of Criminal Procedure. The defendant counters that the

- 3 -

deposition was properly granted. We agree with the State and, therefore, reverse the trial court's ruling.

Generally, trial courts have discretion in determining evidentiary issues and their rulings will not be reversed absent an abuse of that discretion. *See State v. McLeod*, 937 S.W.2d 867, 871 (Tenn. 1996). "The decision whether to grant or deny a motion to take the deposition of a proposed witness for use at a criminal trial is committed to the discretion of the trial court and should be exercised carefully." *State v. Gold*, No. E2012-00387-CCA-R3-CD, 2013 WL 4278760, *8 (Tenn. Crim. App. Aug. 15, 2013) (citing *United States v. Mann*, 590 F.2d 361, 365 (1st Cir. 1978)). Appellate courts will not interfere with the exercise of that discretion unless clear abuse appears on the face of the record. *See State v. Franklin*, 308 S.W.3d 799, 809 (Tenn. 2010) (citing *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2017)). This Court finds an abuse of that discretion when the trial court applies "an incorrect legal standard or reaches a conclusion that is 'illogical or unreasonable and causes an injustice to the party complaining.'" *Lewis*, 235 S.W.3d at 141 (quoting *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006)).

In the State of Tennessee, depositions in criminal matters are permitted solely for the preservation of testimony for trial and not for the discovery of information. Rule 15(a)(1) of the Tennessee Rules of Criminal Procedure provides,

> [a] party may move that a prospective witness be deposed in order to preserve testimony for trial. . . . The Court may: (A) grant the motion because of exceptional circumstances and in the interest of justice; and (B) order that the witness produce at the deposition any designated, non-privileged book, paper, document, record, recording, or other material.

Tenn. R. Crim. P. 15(a). This narrow limitation is made even more clear by the Committee Comment on the Rule that "depositions are not meant to function as discovery devices in criminal cases. Their taking is meant to be tightly confined to those exceptional cases where the interests of justice require the taking for the preservation of testimony for use at trial, and not for discovery." Tenn. R. Crim. P. 15, Advisory Comm'n Comment. "Likewise, there is nothing in Rule 16, governing pretrial 'discovery and inspection,' that could be taken to authorize court-ordered interviews with otherwise unwilling witnesses." *State v. Singleton*, 853 S.W.2d 490, 493 (Tenn. 1993). "Counsel must rely instead on other methods to discover the facts of a case." *Id.* at 495.

Here, the defendant undoubtedly seeks to depose Christopher Martinez for discovery purposes. In his motion and at the hearing, the defendant stated that the purpose of the deposition is "to discover -- or to obtain exculpatory information and documents . . . ." Because the deposition is intended to obtain unknown information, it is for discovery

- 4 -

purposes. Therefore, the deposition of Christopher Martinez is not permitted under Rule 15 of the Tennessee Rules of Criminal Procedure.

The defendant's contention that the possibility of exculpatory evidence is sufficient to warrant an exception to the restrictions of Rule 15 is meritless. The substance of the information sought is irrelevant to the question of whether a deposition should be permitted. Likewise, the trial court's reliance on factors such as the "State's prior responses to discovery requests" and the "uniqueness of this case" is an abuse of discretion because these factors are of no consequence in the determination of whether a deposition is permitted in a criminal case.

Accordingly, the record indicates the trial court departed from the accepted and usual course of judicial proceedings and abused its discretion by granting the defendant's request to take Christopher Martinez's deposition. Based upon the foregoing reasoning, we reverse the trial court, vacate the order, and remand the case to the trial court for further proceedings.

## *Conclusion*

Based on the foregoing authorities and reasoning, we reverse the judgment of the trial court and remand the matter for a hearing consistent with this opinion.

s/ J. ROSS DYER
J. ROSS DYER, JUDGE